MONICA EDWARDS, by Claire Edwards, her Mother and Next Friend, *et al.*, Plaintiffs-Appellants, v. STERLING DRUGS, INC., Defendant (Memorial Medical Center, Defendant-Appellee).

Fourth District   No. 4—87—0530

Opinion filed March 24, 1988.

Ellen A. Dauber, of Cook, Shevlin & Keefe, Ltd., of Belleville, for appellants.

Susan M. Hickman and Marian A. Sargent, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Claire Edwards, individually and as mother and next friend of Monica Edwards (plaintiff), filed a four-count complaint in Sangamon County circuit court June 26, 1986, against Sterling Drug, Inc., and Memorial Medical Center (defendant). The trial court dismissed the counts against defendant on July 27, 1987, for failure of the attorney's affidavit to comply with section 2—622(a)(1) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) Plaintiff appeals, contending her attorney's affidavit substantially complied with section 2—622(a)(1), and in the alternative, the trial court erred in dismissing the counts with prejudice.

Counts I and II of plaintiff's complaint alleged a cause of action in products liability against Sterling Drug, Inc., and are not involved in this appeal. Counts III and IV alleged defendant, through its agent Dr. R. W. Roller, negligently and carelessly administered certain

drugs to plaintiff during the labor preceding Monica's birth June 27, 1976.

Plaintiff filed her complaint June 26, 1986. Attached to the complaint was an affidavit filed pursuant to section 2—622(a)(2) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(2)) in which Ellen Dauber, one of plaintiff's attorneys, stated a consultation or report from a health care professional could not be obtained prior to the running of the statute of limitations.

Defendant filed two motions to dismiss counts III and IV. The first, filed August 5, 1986, alleged essentially that plaintiff's attorney failed to attach to the complaint either a report or an affidavit stating a consultation could not be obtained prior to the running of the statute of limitations as required by section 2—622(a)(2). The disposition of this motion is unclear from the record. The second, filed October 10, 1986, repeated the allegations of the first motion and added that plaintiff failed to file the attorney's affidavit and the reviewing health professional's report within 90 days of the filing of the complaint as required by section 2—622(a)(2) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(2)).

At a November 7, 1986, hearing on the motion to dismiss, attorney Bruce Cook, another of plaintiff's attorneys, filed an affidavit under section 2—622(a)(3), stating defendant had failed to furnish complete medical records relating to plaintiffs. Specifically, defendant had not furnished a portion of the fetal heart monitor strip despite repeated written requests. At the November 7 hearing, the court granted plaintiff leave to file affidavits or other proofs in opposition to the motion to dismiss. On November 18, 1987, plaintiff filed a supplemental affidavit relating to whether the fetal heart monitor strip was missing. On December 24, 1986, the court granted plaintiff's motion to amend the complaint by adding Dr. Roller as a party defendant. Defendant moved January 15, 1987, to consolidate the instant action with the case previously filed against Dr. Roller.

On January 28, 1987, plaintiff filed a motion to amend the complaint by adding an affidavit by attorney Cook. Cook's affidavit, dated December 12, 1986, stated he was plaintiff's attorney, he had consulted with a health care professional, a specialist in obstetrics and gynecology, pursuant to section 2—622, and that after reviewing incomplete medical records, the professional determined in a written report that plaintiff had a reasonable and meritorious cause of action against Dr. Roller. The report was attached to the affidavit.

At the July 15, 1987, hearing on the motion to dismiss, the trial court did not decide whether plaintiff had timely filed the affidavit un-

der section 2—622(a)(3). It concluded the January 28, 1987, affidavit was fatally deficient in that it failed to state (1) the attorney believed there was a meritorious cause of action against the defendant, and (2) the attorney consulted with a health care professional he believed knowledgeable concerning the case. The judge stated the report's additional failure to state a meritorious cause of action existed against Memorial itself was not as defective as the other two omissions. The court found no just reason for delaying enforcement or appeal from the order. The written order, entered July 27, 1987, was silent as to whether the dismissal was with or without prejudice, though it did state the counts were dismissed pursuant to section 2—619 of the Code. Plaintiff filed her notice of appeal August 3, 1987. Supreme Court Rule 273 (107 Ill. 2d R. 273) states that unless the order provides otherwise, an involuntary dismissal operates as an adjudication on the merits. Therefore, the dismissal here was with prejudice.

Plaintiff argues the defects in the affidavit do not warrant dismissal with prejudice without reasonable leave to amend. Defendant contends failure to adhere to the statutory requirements requires dismissal with prejudice. We need not reach this question, as the facts require that we reverse the court's order and remand this cause for further proceedings.

Section 2—622 requires that in a healing arts malpractice action:
"[P]laintiff's attorney or the plaintiff *** shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

■ That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the defendant if the defendant is a specialist; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. ***

■ That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate

and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. ***

■ That a request has been made by the plaintiff or his attorney for examination and copying of records pursuant to Part 20 of Article VIII of this Code and the party required to comply under those Sections has failed to produce such records within 60 days of the receipt of the request. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days following receipt of the requested records. ***

*  *  *

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." Ill. Rev. Stat. 1985, ch. 110, par. 2—622.

■ The interpretation and construction of statutory provisions are governed by the fundamental principle that the legislature's intent should be ascertained and given full effect. (*Benjamin v. Cablevision Programming Investments* (1986), 114 Ill. 2d 150, 157, 499 N.E.2d 1309, 1313.) In determining the legislative intent, consideration must be given to the entire statute, its nature, object, purpose to be attained, and evil to be remedied. If the intent of the legislature can be ascertained from the language of the statute, then that intent will prevail without resort to extrinsic aids for construction. (*Benjamin*, 114 Ill. 2d at 157, 499 N.E.2d at 1313.) The language of a statute should be given its plain and ordinary meaning. *Coldwell Banker Residential Real Estate Services of Illinois, Inc. v. Clayton* (1985), 105 Ill. 2d 389, 475 N.E.2d 536.

■ The new medical malpractice provisions, adopted in 1985, were enacted to remedy a perceived crisis in the area of medical malpractice. (*Bernier v. Burris* (1986), 113 Ill. 2d 219, 229, 497 N.E.2d 763, 768.) The purpose of the legislation resulting in section 2—622 was to reduce the number of medical malpractice suits and the size of the awards in successful cases. (Ill. Ann. Stat., ch. 110, par. 2—622, Historical and Practice Notes, at 71 (Smith-Hurd Supp. 1987).) The specific purpose of section 2—622 was to eliminate frivolous lawsuits at the pleading stage. 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 406 (statements of Representative Hawkinson).

The supreme court in *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, ruled the legislature did not intend to require dismissal with prejudice for failure to attach the affidavit and report. It stated to do so would be "a triumph of form over substance. It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive de-

fense forever barring plaintiffs who initially fail to comply with its terms. We decline to ascribe such intentions to the legislature." *McCastle v. Sheinkop*, 121 Ill. 2d at 193.

In *McCastle*, plaintiff filed a medical malpractice complaint but failed to attach the affidavit and report. The trial judge dismissed the complaint with prejudice. The record showed plaintiff requested leave to file an amended complaint. The record also suggested the trial judge thought he had no choice under section 2—622 but to dismiss with prejudice.

The supreme court vacated the trial court's dismissal order and remanded for further consideration. The court looked to legislative debate which indicated that if, during discovery, plaintiff wished to amend the complaint to add a new theory, he could obtain leave of court to amend the complaint with a new consulting physician's report. The court found it unlikely the legislature would give the trial judge discretion to allow amendment but mandate dismissal with prejudice for omission of the affidavits. *McCastle v. Sheinkop*, 121 Ill. 2d at 193.

■ Here, the record shows no written motion to amend the affidavit. During the July 15, 1987, hearing, plaintiff's counsel stated the statute's purpose would be best served by allowing plaintiff to amend the affidavit. Although the record does show the trial judge considered at what point the affidavit would be untimely filed, the judge's statement refers to the evidentiary issue under section 2—622(a)(3), and not to whether he thought dismissal was mandated by section 2—622(a)(1) for the failure to include certain statements in the affidavit.

It is not apparent from this record the trial judge thought he had discretion to dismiss the counts against defendant with or without prejudice. *McCastle* requires that under the circumstances of this case, we reverse the trial court's order dismissing counts III and IV and remand for a determination whether the dismissal was with or without prejudice.

Reversed and remanded.

McCULLOUGH and SPITZ, JJ., concur.