Kenneth A. STINE, Appellant,

v.

KANSAS CITY TERMINAL RAILWAY COMPANY, Respondent.

No. KCD 29358.

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Philip C. Ehli, Roy W. Brown, Kansas City, for appellant.

Sam D. Parker, Harlan D. Burkhead, Kansas City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

On November 10, 1973, in the Circuit Court of Jackson County, Missouri, Kenneth A. Stine (appellant) began an action under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., against his employer, Kansas City Terminal Railway Company (respondent). In his petition he alleged that he was injured on January 1, 1971, in Jackson County, Missouri, while in the course of his employment with respondent. With reference to said action, the Circuit Court of Jackson County, Missouri,

on January 9, 1976, permitted appellant to take a voluntary nonsuit without prejudice.

On November 24, 1976, appellant, with certain insignificant amendments and variations, refiled his original FELA action against respondent in the Circuit Court of Jackson County, Missouri. Respondent moved for its dismissal with prejudice on the ground that it was "barred by the Statute of Limitations therein prescribed, 45 U.S.C. § 56, which provides that: 'No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued'." Respondent's motion was sustained by the trial court on January 17, 1977, and an appropriate order of dismissal was simultaneously entered.

It is patent on the face of the record that the instant suit (filed November 24, 1976) was filed more than three years after appellant's cause of action accrued (January 1, 1971). It is equally patent on the face of the record that the instant suit (filed November 24, 1976) was filed some ten months and fifteen days after appellant was permitted to take a voluntary nonsuit without prejudice (January 9, 1976) with reference to his original suit filed November 10, 1973.

In view of the above chronology of key events it comes as no surprise that appellant makes a concerted effort on appeal to have the instant suit reinstated on the theory that the right to do so within one year after the original suit was voluntarily nonsuited is preserved by Sec. 516.-230, RSMo 1969, the so-called Missouri "savings" statute. Sec. 516.230, supra, so far as here pertinent, reads as follows: "If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after nonsuit suffered or such judgment arrested or reversed; . . ." The very language of Sec. 516.230, supra, particularly the opening clause, "[i]f any

action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370 . . ." renders it inapplicable to appellant's FELA action. Appellant's action is a creature of federal statute (45 U.S.C. § 51 et seq.) and carries its own statute of limitations (45 U.S.C. § 56). The clear, unequivocal language in which the opening clause of Sec. 516.230, supra, is cast excludes appellant's FELA action as a beneficiary of its "savings" power. The statute in question would have to be perverted to arrive at a different conclusion. Any qualms about the meaning and effect just given Sec. 516.230, supra, are quickly and thoroughly allayed by a companion statutory provision. Sec. 516.300, RSMo 1969, provides as follows: "The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." As appellant's FELA action carries its own built-in statute of limitations, appellant, in a sense, is specifically precluded from claiming the "savings" benefit of Sec. 516.230, supra, as the latter section clearly falls within the ambit of "sections 516.010 to 516.370" as delineated in Section 516.300, supra. The above interpretation and application given Section 516.300, supra, is reflected in numerous decisions in this state. Random decisions holding that Missouri's "savings" statute, Section 516.230, supra, and its earlier counterparts, does not extend to actions predicated on acts or statutes having their own specifically prescribed statute of limitations are: *Meriwether v. Overly,* 228 Mo. 218, 129 S.W. 1 (1910), an action to set aside a tax sale barred by a limitations provision contained in a municipal charter; *State ex rel. Mackey v. Thompson,* 81 Mo.App. 549 (1899), an action against a notary public; *Wedemeier v. St. Louis Malleable Casting Co.,* 52 S.W.2d 569 (Mo.App.1932), a workmen's compensation claim; and *Clark v. Kansas City, St. L. & C. R. Co.,* 219 Mo. 524, 118 S.W. 40 (1909), a wrongful death action brought before the 1909 amendment adding a year's saving proviso to the wrongful death limitations provision. The Supreme

Court, addressing itself to the applicability of the "savings" statute in *Toomes v. Continental Oil Company,* 402 S.W.2d 321, 324 (Mo.1966), had this to say: "§ 516.230, the general nonsuit saving section, applies to actions which 'shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370 * * *.' The limited application of this provision is attested to by our decisions, prior to the enactment of the nonsuit saving provision for wrongful death actions . . . that it was not applicable to such actions brought under the Missouri act. . . . *In other words, § 516.230 is not a general procedural statute. Its application is limited to causes of action, limitations for which are prescribed by § 516.010 to § 516.370.*" (Emphasis added.)

Appellant attempts to lean on *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), in support of his contention that his last refiled FELA suit fell within the "savings" ambiance of Section 516.230, supra. In *Burnett,* a timely filed FELA action in a state court was dismissed for improper venue and then refiled in a federal district court after the statute of limitations had run. The truth of the matter is that *Burnett,* 380 U.S. at 432–33, 85 S.Ct. at 1057, soundly rejects appellant's contention: "This does not mean that we can accept petitioner's argument that the federal limitation provision incorporates the Ohio Saving Statute. To allow the limitation provision to incorporate state saving statutes would produce nonuniform periods of limitation in the several States . . . This court has long recognized that the FELA 'has a uniform operation, and neither is nor can be deflected therefrom by local statutes' . . . This Court has also specifically held that '[t]he period of time within which an action may be commenced is a material element in [a] uniformity of operation' which Congress would not wish 'to be destroyed by the varying provisions of the State statutes of limitation.' *Engel v. Davenport,* 271 U.S. 33, 39, 46 S.Ct. 410, 413, 70 L.Ed. 813. The incorporation of variant

state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity."

Appellant, with considerable ease and imperturbability, interchangeably argues a theory of relief underscored by the claimed applicability of the Missouri "savings" statute (Section 516.230, supra) and a theory of relief underscored by the claimed tolling of the three year statute of limitations (45 U.S.C. § 56) during the pendency of the original FELA action filed by him on November 10, 1973, and subsequently voluntarily nonsuited on January 9, 1976. With respect to the latter of these two theoretically clashing arguments, appellant turns for support to the Supreme Court's ultimate holding in *Burnett v. New York Central Railroad Company, supra,* 380 U.S. at 434–35, 85 S.Ct. at 1058: "These considerations thus lead us to conclude that when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit. We believe that the interests of uniformity embodied in the Act are best served by holding that this rule, tolling the statute, applies in all States regardless of whether or not a State has a 'saving' statute. We further hold, under familiar principles which have been applied to statutes of limitations, that the limitation provision is tolled until the state court order dismissing the state action becomes final by the running of the time during which an appeal may be taken or the entry of a final judgment on appeal." The facts in the instant case are readily distinguishable from those in *Burnett.* The instant case involves a voluntary nonsuit, while *Burnett* involved an involuntary nonsuit by reason of improper venue. This alone would appear to remove the instant case from the working realm of the ultimate holding in *Burnett.* Going a step further, however, and assuming, for purposes of academicism, that appellant's initial FELA action filed on November 10, 1973, was thereafter *involuntarily* nonsuited on January 9, 1976, and running of the FELA three year limitations

period (45 U.S.C. § 56) was tolled during its pendency, the FELA action refiled by appellant on November 24, 1976, was nevertheless barred by the three year limitations period prescribed in 45 U.S.C. § 56, supra. Even under the assumptions indulged, when the ultimate holding in *Burnett,* Rule 81.04, and Rule 81.05(a) are conjunctively viewed, it becomes clear that the tolling of the three year limitations period (45 U.S.C. § 56) terminated February 18, 1976. Regressing momentarily, when appellant's original FELA action was filed on November 10, 1973, two years, ten months and ten days of the three year limitations period had already run from the date the cause of action accrued (January 1, 1971). By April 9, 1976, some seven months before appellant refiled his FELA action (November 24, 1976), the three year period of limitations prescribed by 45 U.S.C. § 56, supra, had run its course even if one assumes that its running was tolled between November 10, 1973 and January 9, 1976.

The trial court properly dismissed with prejudice the FELA action filed by appellant in the Circuit Court of Jackson County, on November 24, 1976, on the ground that it was barred by the three year statute of limitations contained in 45 U.S.C. § 56.

Judgment affirmed.

All concur.