1298

J. LaMar MCKINNEY, Appellant v. CSX TRANSPORTATION, INC., formerly Seaboard System Railroad, Inc., Larry Cunningham and Linda Thomas, Defendants, of whom CSX Transportation, Inc. is Respondent.

(378 S. E. (2d) 69)

Court of Appeals

*James W. Alford,* of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellant.*

*Julius W. McKay,* of *Haynsworth, Marion, McKay & Guerard,* Columbia, *for respondent.*

Heard Jan. 25, 1989.

Decided March 6, 1989.

GOOLSBY, Judge:

This action arises under the Federal Employers' Liability Act (FELA), 45 U. S. C. §§ 51 *et seq.* (1982). The appellant, J. LaMar McKinney, filed the present action against the respondent, CSX Transportation, Inc., and other defendants, after having taken a voluntary dismissal without prejudice in an earlier suit filed against the same defendants and based on the same cause of action. The trial court held the present action barred by the FELA's three-year statute of limitation. The sole issue on appeal is whether the FELA's limitation period was tolled during the pendency of the earlier action filed by McKinney. We affirm.

McKinney sustained injuries on May 25, 1982, when the CSX van in which he was riding collided with another vehicle. He thereafter instituted an action under the FELA against CSX and other defendants on October 31, 1984.

Sometime afterward, the trial court placed the case on the inactive docket. There it remained for two years until the court restored it to the active docket.

When the trial court scheduled the case for trial at the term commencing July 13, 1987, over five years after the cause of action had accrued, McKinney announced he was not ready for trial and requested a continuance because he "had possibly not reached maximum healing." The trial court refused to continue the case, citing its age; however, the trial court did grant McKinney, over CSX's objection, a voluntary dismissal without prejudice.

Fifteen days later, on July 21, 1987, McKinney commenced the present action. It is identical to the former one.

CSX moved for judgment on the pleadings, contending the FELA's three-year limitation period barred the action. The trial court granted the motion and, as we noted above, dismissed McKinney's action for that reason. *See* 45 U. S. C. § 56 (1982) ("No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.").

McKinney contends the dismissal of his action constituted error, arguing the three-year limitation period was tolled during the pendency of his first action. He relies upon *Burnett v. New York Central Railroad Co.*, 380 U. S. 424, 85

S. Ct. 1050, 13 L. Ed. (2d) 941 (1965). His reliance on *Burnett*, however, is misplaced.

In *Burnett*, the plaintiff filed a timely action in Ohio state court; however, the trial court upon the defendant's motion dismissed the action for improper venue. Shortly thereafter, but more than three years after the cause of action had accrued, the plaintiff filed the same action in an Ohio federal court. The latter dismissed the plaintiff's claim on the ground the FELA's limitation period barred the claim. The Court of Appeals affirmed. The United States Supreme Court, however, reversed, holding the FELA's limitation period is tolled during the pendency of a state action later involuntarily dismissed for having been brought in the wrong venue.

As we read *Burnett*, the Supreme Court based its decision principally on the need for national uniformity in the operation of the FELA. The Supreme Court expressly noted that, unlike the federal system of justice and the systems of other states, Ohio had no procedure that allowed a party to ask the trial court to transfer an action brought in the wrong venue to a district or division in which it could have been brought. *See Johnson v. Railway Express Agency, Inc.*, 421 U. S. 454, 467 n. 12, 95 S. Ct. 1716, 1723 n. 12, 44 L. Ed. (2d) 295, 305 n. 12 (1975) ("In view of the express federal policy liberally allowing transfer of improper-venue cases ... and the desirability of uniformity in the enforcement of FELA claims, the Court [in *Burnett*] concluded that the prior filing tolled the statute."); *International U., U.A., A. & A.I.W. v. Hoosier C. Corp.*, 383 U. S. 696, 708, 86 S. Ct. 1107, 1114-15, 16 L. Ed. (2d) 192, 201 (1966) ("[The] tolling principle [recognized in *Burnett*] was necessary to implement the national policy of a uniform time bar clearly expressed by Congress when it enacted the FELA limitations provision.").

Considerations of national uniformity in the enforcement of FELA claims, however, are not at issue here. The dispositive issue is whether McKinney slept on his rights, a matter also addressed by the Supreme Court in *Burnett* as it discussed the purposes and policies behind the FELA's three-year limitation provision.

One purpose a statute of limitation serves, the Supreme Court observed, is to relieve the courts "of the burden of

trying stale claims when a plaintiff has slept on his rights." 380 U. S. at 428, 85 S. Ct. at 1054, 13 L. Ed. (2d) at 945. The Supreme Court viewed the plaintiff in *Burnett* as not having slept on his rights. He had no choice under Ohio law but to suffer a dismissal since the transfer of his case to the proper venue was not, as elsewhere in this country, an available option.

Unlike the plaintiff in *Burnett*, however, McKinney could have gone forward with the trial of his case. He elected instead to dismiss his case, despite the fact that over five years had passed since the date of the accident. In voluntarily dismissing his case more than three years from the day his cause of action under the FELA accrued, McKinney slept on his rights. *Cf. Stine v. Kansas City Terminal Railway Co.*, 564 S. W. (2d) 619 (Mo. Ct. App. 1978) (wherein the court refused to apply its state's savings statute and it distinguished the case before it and *Burnett* on the basis that its case involved a voluntary nonsuit and *Burnett* involved an involuntary nonsuit by reason of improper venue).

Indeed, once McKinney voluntarily dismissed his case without prejudice, thus leaving his claim unadjudicated upon the merits, the situation became the same as if he had never brought the suit. "In effect, therefore, there was nothing to suspend the operation of the limitation period." *Dupree v. Jefferson*, 666 F. (2d) 606, 611 (D. C. Cir. 1981).

The argument that McKinney could not try his case because he had not reached maximum medical recovery goes only to the issue of whether the trial court committed reversible error in refusing to grant him a continuance, an issue that is not before us and one that McKinney could have raised on appeal had he gone to trial and lost.

We therefore hold that the FELA's three-year statute of limitation is not tolled during the pendency of the action based on the FELA where the plaintiff in the action voluntarily dismisses his cause of action because he is not ready for trial and the court refuses the plaintiff's motion for a continuance. *See Spannaus v. United States Dept. of Justice*, 643 F. Supp. 698 (D. D. C. 1986), *aff'd*, 824 F. (2d) 52 (D. C. Cir. 1987) (wherein the court dismissed an action brought under the Freedom of Information Act, holding the dismissal without prejudice of an earlier state court action did

not affect the running of the applicable six-year statute of limitation).

Inasmuch as McKinney's present action was filed more than three years after the date the cause of action accrued and the limitation period was not tolled during the time the earlier action was pending, the cause of action is barred by the FELA's three-year limitation provision. *See Davis v. Lunceford*, 287 S. C. 242, 243, 335 S. E. (2d) 798, 799 (1985) ("When an action is dismissed without prejudice, the statute of limitations will bar another suit if the statute has run in the interim.").

McKinney's appeal included two exceptions that we do not address. In argument before this court, he expressly abandoned Exception No. 1. He effectively abandoned Exception No. 3 by failing to argue it in his brief. *Lackey v. Treadwell*, 282 S. C. 81, 316 S. E. (2d) 724 (Ct. App. 1984).

Affirmed.

SHAW and BELL, JJ., concur.