595 N.E.2d 659 (1992)
230 Ill. App.3d 33
172 Ill.Dec. 298
Theckla NEUMAN, Plaintiff-Appellant,
v.
Scott BURSTEIN, et al., Defendants-Appellees.
No. 2-91-0903.
Appellate Court of Illinois, Second District.
June 24, 1992.
*660 Corboy & Demetrio, P.C., Susan J. Schwartz (argued), Chicago, for Theckla Neuman.
Rooks, Pitts & Poust, John J. Mangan, Clausen, Miller, Gorman, Caffrey & Witous, Wheaton, James T. Ferrini, Chicago, for Scott Burstein, DuPage Radiologists Inc., Rosemary M. Deleon, Raj B. Lal.
Thomas H. Ryerson, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Wheaton, Wildman, Harrold, Allen & Dixon, Lenard C. Swanson, Robert A. Strelecky, Bruce S. Terlep, Wheaton, Hinshaw & Culbertson, D. Kendall Griffith, Chicago, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Lisle, Adam S. Kreuzer, Chicago, Robert G. Black (argued), Lisle, for Evangelical Hospital Corp.
*661 Johnson & Bell, Thomas H. Fegan, Dean M. Athans, Johnson Bell, Chicago, for John Dongas, M.D.
Justice DUNN delivered the opinion of the court:
On March 7, 1991, plaintiff, Theckla Neuman, filed a five-count medical malpractice complaint against defendants, Scott Burstein, M.D.; Du Page Radiologists, Inc.; Rosemary M. DeLeon, M.D.; Raj B. Lal, M.D., S.C., individually and doing business as Raj B. Lal, M.D.; John Dongas, M.D.; and Evangelical Hospital Corp., doing business as Good Samaritan Hospital, after taking a voluntary dismissal of that action pursuant to section 2-1009 of the Code of Civil Procedure (Code) (Ill.Rev.Stat. 1989, ch. 110, par. 2-1009), on March 12, 1990. The trial court dismissed the complaint with prejudice for failure to file an affidavit and health professional's report as required by section 2-622 of the Code (Ill. Rev.Stat.1989, ch. 110, par. 2-622). We reverse and remand.
Plaintiff initially filed this action on August 7, 1989, seeking damages for medical negligence on the part of each defendant arising both during and after an aortogram and arteriogram performed on plaintiff on August 6, 1987. The complaint contained the affidavit of plaintiff's attorney stating that she was unable to obtain a medical review of the plaintiff's claim pursuant to section 2-622 before the statute of limitations period on the claim expired.
By statute, plaintiff was permitted an additional 90 days to furnish the certificate and written report by a health professional stating he or she believes plaintiff has a reasonable and meritorious claim. Plaintiff failed to file that report within the 90-day extension period. On February 20, 1990, more than 190 days after the filing of her claim, plaintiff received an additional 21 days to file the certificate and report over the objection of defendants. On March 12, 1990, prior to a hearing on defendants' motion to dismiss, plaintiff voluntarily dismissed the action.
Pursuant to section 13-217 of the Code (Ill.Rev.Stat.1989, ch. 110, par. 13-217), plaintiff refiled her action on March 7, 1991. The complaint set forth the same five counts contained in the original complaint. Attached to the complaint was another affidavit signed by plaintiff's attorney stating that she was unable to obtain the necessary medical review of plaintiff's claim pursuant to section 2-622 prior to the expiration of the statute of limitations for refiling the lawsuit.
On April 11, 1991, defendants filed a motion to dismiss based on plaintiff's failure to comply with section 2-622. Defendants argued section 2-622 does not afford plaintiff another 90-day extension for filing the requisite reports with the new action. At the same hearing, plaintiff sought leave to amend her complaint instanter to supply the certificate of merit and report. Defendants objected to plaintiff's request to amend. After taking the matter under advisement, on April 29, 1991, the trial court dismissed the complaint with prejudice for failure to comply with section 2-622. On May 29, 1991, plaintiff filed a motion for rehearing requesting the trial court vacate its dismissal orders. Again, plaintiff sought leave to amend her complaint to include the requisite report and certificate. After a hearing on the matter, the trial court again denied plaintiff's request to file an amended complaint and denied her request to vacate the dismissal orders. Plaintiff timely appeals.
The issue on appeal is whether, after taking a voluntary dismissal in a malpractice action, a plaintiff is entitled to the 90-day extension provided by section 2-622 upon the refiling of the lawsuit.
The clear purpose of section 2-622 is to deter the filing of frivolous malpractice lawsuits. (Simpson v. Illinois Health Care Services, Inc. (1992), 225 Ill.App.3d 685, 689, 167 Ill.Dec. 830, 588 N.E.2d 471; Cato v. Attar (1991), 210 Ill.App.3d 996, 998, 155 Ill.Dec. 500, 569 N.E.2d 1111.) Section 2-622 requires a plaintiff to attach an affidavit of merit and a written report from a health professional to any complaint for medical malpractice. (Ill.Rev.Stat.1989, ch. 110, par. 2-622(a)(1).) Section 2-622 also provides that if a plaintiff is unable to *662 obtain such a consultation because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations, the plaintiff is permitted to file the certificate and the report within 90 days of the filing of the complaint, provided the plaintiff's attorney files an affidavit to that effect along with the complaint. Ill.Rev.Stat.1989, ch. 110, par. 2-622(a)(2).
Because the plaintiff's attorney filed an affidavit pursuant to section 2-622(a)(2) in the original action, defendant's argue plaintiff is prohibited from receiving another 90-day extension in the refiled action. Plaintiff argues the refiled lawsuit is a "new action" making whatever transpired in the original action irrelevant. The trial court, considering what it deemed plaintiff's lack of diligence in filing the certificate and report, dismissed the action. The trial court employed a similar reasoning to that used under Supreme Court Rule 103(b) (134 Ill.2d R. 103(b)).
Section 13-217 of the Code of Civil Procedure provides that after a voluntary dismissal the plaintiff may file a "new action" within a year or the remaining period of limitation. (Ill.Rev.Stat.1989, ch. 110, par. 13-217.) Thus, plaintiff is correct that under the language of section 13-217 the complaint before us constitutes a new action. (See Lyon v. Hasbro Industries, Inc. (1987), 156 Ill.App.3d 649, 656, 109 Ill.Dec. 41, 509 N.E.2d 702.) Although the trial court recognized the complaint as a new action, it found that, based on the delay in filing the certificate in the previous action, plaintiff was not entitled to another 90-day extension and dismissed the action. The court reasoned that because the trial judge had the discretion to deny the plaintiff's motion for nonsuit in the previous action and hear the defendant's motion to dismiss, the trial court in the present action may look at the time lapse between the original affidavit and the current one as it relates to the merits of the request to extend the time for compliance with 2-622." (Emphasis added.) We do not agree.
Defendants argue the issue before us involves a conflict between the plaintiff's right to voluntary dismissal and the requirements of section 2-622. However, a close reading of section 2-622 reveals the present situation does not raise the potential conflict argued by defendants. When interpreting a disputed provision, courts should ascertain and give effect to the true intent and meaning of the legislature, considering first the statutory language. (Hayes v. Mercy Hospital & Medical Center (1990), 136 Ill.2d 450, 455, 145 Ill.Dec. 894, 557 N.E.2d 873.) Unambiguous terms must be given their plain and ordinary meaning. (Hayes, 136 Ill.2d at 455, 145 Ill.Dec. 894, 557 N.E.2d 873.) The language of section 2-622 provides for an automatic 90-day extension to one who files an attorney affidavit with his complaint stating he is unable to obtain the requisite certificate and report before the expiration of a statute of limitations which would impair the action. Thus, it is only after the expiration of the 90-day extension period that the trial court has the discretion to dismiss the action for failure to file the certificate and report as required by section 2-622. See Wasielewski v. Gilligan (1989), 189 Ill.App.3d 945, 137 Ill.Dec. 391, 546 N.E.2d 15.
In Wasielewski, the plaintiff filed a malpractice action against the defendants in Cook County on January 30, 1987. Due to his inability to obtain a medical expert, plaintiff voluntarily dismissed the action on May 8, 1987. (189 Ill.App.3d at 946, 137 Ill.Dec. 391, 546 N.E.2d 15.) On April 28, 1988, plaintiff refiled his action against the defendants in Du Page County. An affidavit was attached to his complaint which stated the statute of limitations was about to expire and plaintiff could not obtain the requisite medical consultation. The defendants filed motions to dismiss based upon the plaintiff's failure to comply with section 2-622(a)(1). (189 Ill.App.3d at 946-47, 137 Ill.Dec. 391, 546 N.E.2d 15.) On September 1, 1988, the trial court dismissed the complaint with prejudice for failure to comply with the documentation requirements and time limits established by section 2-622. (189 Ill.App.3d at 947, 137 Ill. *663 Dec. 391, 546 N.E.2d 15.) This court held the trial court properly exercised its discretion in dismissing the action. 189 Ill. App.3d at 952, 137 Ill.Dec. 391, 546 N.E.2d 15.
Although the issue as to whether a plaintiff should receive a second 90-day extension period upon the refiling of his or her action was not explicitly raised by the defendants in Wasielewski, the right to receive the second extension was implicitly recognized. We stated, "[p]laintiff filed malpractice actions in two different circuit courts approximately 15 months apart, each time receiving the statutory 90-day extension to file the certificate of merit. Plaintiff failed to file a certificate of merit within either 90-day period. The trial court was not required to exercise its discretion in favor of plaintiff given the numerous opportunities plaintiff had to comply with section 2-622 of the Code." Wasielewski, 189 Ill.App.3d at 952, 137 Ill.Dec. 391, 546 N.E.2d 15.
In the present action, the trial court operated under the mistaken belief that it had the discretion to determine whether plaintiff should receive a second 90-day extension to file the requisite certificate and report in the refiled action. In its written opinion, the trial court cited Premo v. Falcone (1990), 197 Ill.App.3d 625, 630, 144 Ill.Dec. 32, 554 N.E.2d 1071, to support its determination that plaintiff failed to provide good cause for her delay in filing the certificate of merit.
In Premo, this court held that the trial court did not abuse its discretion when it dismissed the plaintiff's complaint with prejudice absent a showing of good cause for the plaintiff's delay in filing under section 2-622. (Premo, 197 Ill.App.3d 625, 144 Ill.Dec. 32, 554 N.E.2d 1071.) We stated:
"The 90-day time limit expresses the legislative intent that the required consultation and filing of the necessary documents be achieved expeditiously, even if this exception to the general rule is applicable. Allowing trial courts to consider whether good cause exists for noncompliance with the deadlines for filing the required documentation in section 2-622 is consistent with the objectives of that statute * * *." Premo, 197 Ill.App.3d at 631, 144 Ill.Dec. 32, 554 N.E.2d 1071.
In the present case, the trial court drew an analogy between good cause under section 2-622 and due diligence under Supreme Court Rule 103(b) (134 Ill.2d R. 103(b)). Under Rule 103(b), if a plaintiff fails to exercise reasonable diligence to obtain service after the expiration of the applicable statute of limitations, the action may be dismissed and that dismissal shall be with prejudice. (134 Ill.2d R. 103(b).) Our supreme court has held that when a plaintiff refiles an action after using voluntary dismissal to avoid the consequences of a Rule 103(b) motion, the trial court may consider the circumstances surrounding the plaintiff's service of process on his or her original as well as refiled complaint in ruling on a pending Rule 103(b) motion. O'Connell v. St. Francis Hospital (1986), 112 Ill.2d 273, 283, 97 Ill.Dec. 449, 492 N.E.2d 1322.
In this case, the trial court concluded it could look to plaintiff's failure to comply with section 2-622 in the original action in determining whether she had good cause for the delay in the present action. We cannot say the trial court's reasoning would be incorrect assuming plaintiff failed to comply with the time limits established by the statute. However, plaintiff has not yet failed to comply with the requirements of section 2-622. That section does not require a showing of good cause before a plaintiff is eligible for the 90-day extension. Filing the attorney affidavit along with the complaint is sufficient to obtain an extension. To hold otherwise would be to ignore the clear language of section 2-622.
Defendants also argue on appeal that even if plaintiff's certificate was timely, the trial court was correct in finding it was insufficient under section 2-622. We disagree.
First, we note the circumstances of this case are unusual in that defendants' motion to dismiss was filed before the expiration *664 of the 90-day extension period. In the face of defendants' motion to dismiss, plaintiff attempted to amend her complaint to include the certificate of merit on April 19, 1991, 43 days after the filing of her complaint and well within the 90-day extension period. In the usual proceeding, plaintiff would simply file the certificate within 90 days rather than request permission to amend her complaint. In a written order dated June 18, 1991, the trial court denied plaintiff's request to reconsider the dismissal of her complaint as untimely. The court also found the proposed amendment was insufficient under section 2-622 in that each defendant was not addressed in a separate report, but rather lumped together in the same report. The court also found the report failed to set forth the facts upon which the author relied to conclude each defendant failed to meet his or her standard of care.
Section 2-622(b) provides:
"Where a certificate and written report are required pursuant to this Section a separate certificate and written report shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time." (Ill.Rev.Stat.1989, ch. 110, par. 2-622(b).)
If a single medical report in a medical malpractice case against multiple defendants is sufficiently broad to cover each defendant, adequately discusses deficiencies in the medical care given by defendants, and establishes that a reasonable and meritorious cause exists for filing the action, the report can be considered sufficient to comply with section 2-622(b). Premo v. Falcone, 197 Ill.App.3d at 632, 144 Ill.Dec. 32, 554 N.E.2d 1071; see also Relaford v. Kyaw (1988), 173 Ill.App.3d 1034, 1040, 123 Ill.Dec. 553, 527 N.E.2d 1328; Hagood v. O'Conner (1988), 165 Ill.App.3d 367, 374, 116 Ill.Dec. 476, 519 N.E.2d 66.
In Premo, this court stated the purpose of section 2-622(b) is to ensure that in cases involving multiple defendants plaintiff certifies that there is a reasonable and meritorious cause for filing the action against each defendant. (Premo, 197 Ill. App.3d at 632, 144 Ill.Dec. 32, 554 N.E.2d 1071.) Accordingly, in cases where this purpose is achieved by a single written report, the report should be held to be sufficient. Premo, 197 Ill.App.3d at 632, 144 Ill.Dec. 32, 554 N.E.2d 1071.
We find the medical report in the present case meets the objectives of section 2-622. In the report, the author clearly specifies he or she believes there is reasonable and meritorious cause to file an action against all named defendants. The report sets forth the medical records reviewed by the author and states which actions he or she felt were inappropriate or unnecessary. The author concludes by stating in his or her opinion which defendants were negligent and why.
The trial court stated the report was inadequate because it failed to explain what care defendants failed to provide to the plaintiff that they should have provided. However, section 2-622 does not require a certificate and report to state what care should have been provided that was not. Rather, section 2-622 merely requires the report to contain the deficiencies in the medical care given by defendants.
Here, the reviewing health care professional's report is sufficiently broad to cover each defendant. Thus, we conclude the medical report is minimally sufficient to satisfy the requirements of section 2-622. We note again that the Healing Art Malpractice Act was enacted to deter nonmeritorious litigation. As the court stated in Hagood, "[i]t should not be so strictly construed that exquisite or fine technicalities can be used as a means of stripping plaintiffs of their substantive rights and their day in court." Hagood, 165 Ill.App.3d at 374, 116 Ill.Dec. 476, 519 N.E.2d 66.
Accordingly, the judgment of the circuit court of Du Page County is reversed, and this cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
GEIGER and BOWMAN, JJ., concur.