BOBBY HUETT, Plaintiff-Appellant, v. ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellee.

Fifth District   No. 5—92—0869

Opinion filed December 27, 1994.

GOLDENHERSH, J., dissenting.

David O. Hesi, of Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., of Alton, for appellant.

Karl D. Dexheimer, of Thompson & Mitchell, of Belleville, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Plaintiff, Bobby Huett, appeals from the trial court's order granting defendant's, Illinois Central Gulf Railroad Company's, motion to dismiss plaintiff's Federal Employers' Liability Act (FELA) (45 U.S.C.A. § 51 et seq. (West 1986)) complaint on the grounds that plaintiff's cause of action was time barred under FELA's three-year statute of limitations. (45 U.S.C.A. § 56 (West 1986).) On appeal, the only issue raised is whether the court erred in granting defendant's motion to dismiss. We affirm.

The pertinent facts of this case are as follows: Plaintiff worked for defendant from 1974 to 1980 as a laborer and as a track foreman. His employment with defendant brought him into contact with railroad ties containing creosote. According to plaintiff, it was not until September 1987 that he became aware that his exposure to the creosote in the railroad ties caused his condition of ill-being, i.e., a severe edema in the groin and scrotal areas which ultimately blocked off passage to one of his kidneys. Plaintiff filed a cause of action under FELA against defendant on March 11, 1988, less than six months after he became aware that his condition of ill-being was causally related to his employment with defendant. On June 24, 1991, plaintiff voluntarily dismissed his original FELA action, cause No. 88—L—386, pursuant to statute. (Ill. Rev. Stat. 1991, ch. 110, par. 13—217 (now 735 ILCS 5/13—217 (West 1992)).) Plaintiff refiled his FELA complaint on June 19, 1992. Defendant moved to dismiss this cause of action as being time barred under the FELA three-year statute of limitations, and the court granted the motion. As noted previously, plaintiff appeals that order.

Plaintiff argues that his case should not have been dismissed as

time barred because his original action was timely filed, defendant was put on notice that he intended to pursue his statutory rights by the timely filing, defendant was actively engaged in defending itself during the pendency of the original cause of action, and there is no apparent prejudice to the defendant. Thus, plaintiff contends that the filing of his original lawsuit should toll the three-year statute of limitations during the time that the original lawsuit was pending, *i.e.*, for approximately another $2^1/2$ years. (Actually, plaintiff does not give a time frame as to how long the statute was tolled because of his pending action, and if it is tolled as plaintiff suggests, the tolling period could be from the time he filed his original action until he voluntarily nonsuited his complaint, a period of 3 years and $2^1/2$ months.) If plaintiff's contentions are correct, then his refiling of his FELA claim was well within the statute of limitations and should not have been dismissed.

In support of his argument, plaintiff cites *Burnett v. New York Central R.R. Co.* (1965), 380 U.S. 424, 13 L. Ed. 2d 941, 85 S. Ct. 1050. Plaintiff relies on statements made by the Supreme Court in *Burnett*, that the time limitation in the FELA statute is not an inflexible rule and that the statute can be tolled under appropriate circumstances, as justification for overturning the trial court's order dismissing his cause of action.

In *Burnett*, petitioner, a resident of Kentucky, filed a FELA action against the respondent on March 13, 1963, in which he alleged he had been injured in Indiana on March 17, 1960, while in the course of his employment with the respondent. Petitioner filed his FELA claim in the common pleas court in Ohio. That court dismissed petitioner's claim because of improper venue, as Ohio law provided that venue is only properly laid in personal actions against railroads in the county of the petitioner's residence or in the county where the injury occurred. Eight days after his FELA claim was dismissed by the Ohio court and after FELA's three-year time limitation had run, petitioner refiled his claim in a Federal district court. The Federal district court dismissed petitioner's FELA claim as being time barred by the limitation provision of the FELA statute. The Supreme Court held that the FELA time limitation had been tolled during the pendency of the State-court action and reversed and remanded the cause to the Federal district court. The Supreme Court held, after examining the purposes and policies underlying the limitation provision, the FELA statute, and the remedial scheme developed for the enforcement of the FELA statute, that the basic congressional purposes for enacting FELA would be effectuated by its holding "that when a plaintiff begins a timely FELA action in a state court of

competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action." *Burnett v. New York Central R.R. Co.*, 380 U.S. at 428, 13 L. Ed. 2d at 945, 85 S. Ct. at 1054.

The Supreme Court stated that the purpose of statutes of limitations is that it is not unjust to require a party to put its adversary on notice to defend within a given period of time and " 'that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' " (*Burnett*, 380 U.S. at 428, 13 L. Ed. 2d at 945, 85 S. Ct. at 1054, quoting *Order of R.R. Telegraphers v. Ry. Express Agency, Inc.* (1944), 321 U.S. 342, 349, 88 L. Ed. 788, 792, 64 S. Ct. 582, 586.) In weighing this "policy of repose" against tolling the time limitations, the Supreme Court found it persuasive that if petitioner's FELA claim had been brought in the Federal courts, the claim could have been transferred to a court with proper venue and the claim would not have been dismissed for failure to file in the proper venue and would not have been time barred. Thus, a FELA claim dismissed for improper venue was an appropriate circumstance for tolling the statute of limitations.

However, in considering petitioner's assertion in *Burnett* that his claim was preserved by a "saving" statute (*i.e.*, a statute similar to the one under consideration here), the Supreme Court determined that incorporating State savings statutes into the FELA time limitations would produce nonuniform periods of limitation in the several States. The Supreme Court noted that FELA is to have a uniform operation which cannot be deflected by local statutes. (*Burnett*, 380 U.S. at 433, 13 L. Ed. 2d at 948, 85 S. Ct. at 1057.) The Supreme Court specifically declined to allow the saving statutes of the various States to toll the running of the time limitations, primarily because the periods "saved" by the different State saving statutes varied widely or were nonexistent in some States, which would destroy the congressional purpose of uniformity in applying FELA. Thus, pursuant to the holding in *Burnett*, we find that the trial court did not err in granting defendant's motion to dismiss plaintiff's refiling of his FELA claim pursuant to Illinois' saving statute for being time barred, since plaintiff's cause of action was refiled over 4½ years after his cause of action had accrued, well beyond FELA's three-year time limitation, and since savings statutes do not toll the running of the time limitation. See also *Stephan v. Selvic Marine Towing Co.* (1990), 201 Ill. App. 3d 554, 559 N.E.2d 147.

In so holding, it is important to note that Federal law applies in

this situation, since State law is applicable only where the issue concerns a matter of procedure. (*Laird v. Illinois Central Gulf R.R. Co.* (1991), 208 Ill. App. 3d 51, 566 N.E.2d 944.) When a statute creates a substantive right unknown to the common law, a time limitation in the statute is an inherent element of the right created and is not a statute of limitation. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893.) The time limitation is a condition of liability and goes to the existence of the right itself. (*Fredman Brothers Furniture Co.*, 109 Ill. 2d 202, 486 N.E.2d 893.) Similarly, it has been held that the three-year limitation period of the FELA statute does not pertain to the remedy but is "a condition of liability constituting a substantial part of the right created." (*Herb v. Pitcairn* (1943), 384 Ill. 237, 242, 51 N.E.2d 277, *rev'd on other grounds* (1945), 325 U.S. 77, 89 L. Ed. 1483, 65 S. Ct. 954.) Thus, this issue is not one of procedure, and State law is inapplicable.

We also note that this same issue was presented in *McKinney v. CSX Transportation, Inc.* (S.C. Ct. App. 1989), 298 S.C. 47, 378 S.E.2d 69. In *McKinney*, the reviewing court held that FELA's statute of limitations was not tolled during the pendency of an earlier action, which had been voluntarily dismissed. The plaintiff in *McKinney* refiled his FELA claim almost five years beyond the time his injury had accrued. The court in *McKinney* found that plaintiff had slept on his rights in that case, citing *Burnett*, and granted defendant's motion to dismiss plaintiff's cause of action. Here, we do not know the reasons for plaintiff's voluntary nonsuit or how diligently he pursued his action, since the record of the original cause is not before this court. Similarly, plaintiff does not explain in his brief why he took the action he did. Therefore, it cannot be determined if plaintiff's FELA claim would fall under the "appropriate circumstances" exception that tolls the FELA time limitations. Although plaintiff claims that to allow him to pursue his FELA action would cause no apparent prejudice to defendant, it can be inferred under the policy of repose that some prejudice is inherent in permitting claims to be prosecuted remote from the time of injury as witnesses become more inaccessible and memories become less accurate over time.

In addition to the reasons of uniformity and of plaintiff's sleeping on his rights, we find that plaintiff should not prevail for another reason. Several Federal cases, a South Carolina case, and an Illinois case hold that when a case is voluntarily dismissed, it is as if the original complaint had never existed and a refiling of the claim gives rise to a "new action." (*Neuman v. Burstein* (1992), 230 Ill. App. 3d 33, 595 N.E.2d 659; *McKinney v. CSX Transportation, Inc.* (S.C. Ct. App. 1989), 298 S.C. 47, 378 S.E.2d 69; *Taylor v. Bunge Corp.* (5th Cir.

1985), 775 F.2d 617; *Ford v. Sharp* (5th Cir. 1985), 758 F.2d 1018; *Cardio-Medical Associates, Ltd. v. Crozer-Chester Medical Center* (3d Cir. 1983), 721 F.2d 68.) Because a voluntary nonsuit renders an original cause of action as though it never existed, then plaintiff's voluntary dismissal of his original FELA complaint rendered his original complaint as though it had never been brought, and his FELA claim was not "commenced" within three years. We find that the reasoning in *McKinney* (298 S.C. at 50, 378 S.E.2d at 71) is also applicable: "In effect, therefore, there was nothing to suspend the operation of the limitation period."

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

RARICK, J., concurs.

JUSTICE GOLDENHERSH, dissenting:
I respectfully dissent.

The majority position, I believe, is in error in ways that render its position untenable. First of all, the clear language of *Burnett v. New York Central R.R. Co.* (1965), 380 U.S. 424, 13 L. Ed. 2d 941, 85 S. Ct. 1050, indicates that the trial court's ruling was wrong as a matter of law. The Supreme Court in *Burnett* indicates, relying on *Herb v. Pitcairn* (1945), 325 U.S. 77, 89 L. Ed. 1483, 65 S. Ct. 954, that an action is sufficiently commenced pursuant to the FELA statute when process has effectively brought the parties into court to start judicial proceedings which could lead to a final judgment without the issuing of new or additional process. The *Burnett* Court, working from this premise, held that the State action filed in Ohio, dismissed in that State due to improper venue and refiled in the Federal District Court for the Southern District of Ohio, had effectively tolled the statute of limitations. The *Burnett* Court, on inquiry of the congressional purpose to be effectuated by tolling the statute of limitations, concluded that the Federal Employers' Liability Act is a remedial act and that when a plaintiff commences a timely FELA action, as described in *Herb v. Pitcairn*, that action effectively eliminates the malady for which the statute of limitations exists, forcing a defendant to defend against a stale claim under circumstances in which the plaintiff has slept on his rights. The documentary evidence for defense may no longer be available, and due to the normal passage of time, memories have faded; in essence, defense may be made stale by the passage of time, and defendant, not having been given timely no-

tice within which to marshal its defenses, would be in an unfair position. In the *Burnett* situation, the Court found that no such unfairness existed and that it advanced the congressional intent of the Federal Employers' Liability Act to allow the action to proceed.

Similarly, these considerations should lead our court to hold that the action in this case should proceed. The initial State action was timely filed, defendant was duly served and put on notice, and the case, if it had proceeded without dismissal, could have resulted in a final judgment. Further, the prosecution of this refiled case would serve the congressional intent underlying the FELA, that is, resolution of these remedial claims, without doing violence to the intent of the statute of limitations, protecting a defendant from stale claims of which it had no notice. The majority, in my opinion, has improperly read the *Burnett* case by confining it strictly to its facts and not giving sufficient weight to the underlying policy considerations articulated in the opinion. I would further hold the majority's position that the original complaint did not exist because it was voluntarily dismissed as a fiction, while the Federal cases cited by the majority deal with Federal procedure, South Carolina procedure clearly is not ours, and the only Illinois case cited by the majority, *Neuman v. Burstein* (1992), 230 Ill. App. 3d 33, 595 N.E.2d 659, does not state that. In *Neuman*, the question before the court was whether a refiled medical malpractice case would be granted the additional 90 days under section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—622) to file the appropriate health professional's affidavit. Nothing in the *Neuman* case can be expanded to the general proposition that the prior medical malpractice case did not exist, a legal fiction. The underlying policy considerations articulated by the *Burnett* Court should control the consideration of the instant case by this court since the underlying question is one of Federal law and the articulation of the Federal law principles by the United States Supreme Court should be paramount. (See *Klawonn v. Mitchell* (1985), 105 Ill. 2d 450, 475 N.E.2d 857; *Norfolk & Western Ry. Co. v. Liepelt* (1980), 444 U.S. 490, 62 L. Ed. 2d 689, 100 S. Ct. 755.) With the guidance of *Burnett*, I would reverse the order of the circuit court of Madison County and remand this cause for further proceedings.