**Willie C. ROSS, Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, Respondent.**

No. 77684.

Supreme Court of Missouri,
En Banc.

July 25, 1995.

Gail Gaus Renshaw, Wood River, Illinois, for appellant.

James W. Erwin, Dan H. Ball, and Edward A. Cohen, St. Louis, for respondent.

COVINGTON, Judge.

Appellant Willie C. Ross brought an action under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1986). The trial court dismissed the action on the ground that the applicable statute of limitations, 45 U.S.C. § 56, barred the claim. Ross appealed, arguing that the trial court erred in granting defendant's motion to dismiss because the limitation period should have been equitably tolled during the pendency of a prior action that had been timely filed. The Missouri Court of Appeals, Eastern District, transferred the cause to this Court after opinion. Affirmed.

Ross alleged he sustained injuries on October 7, 1988, in the course of his employment. On April 8, 1991, within the applicable three-year statute of limitations, Ross filed an action against his employer, Union Pacific Railroad Company, under FELA. The case was set for trial during the week of September 20, 1993. On September 14, 1993, Ross sought a continuance alleging that symptoms from injuries attributable to the October 7, 1988, accident had become more severe and that he needed to obtain further medical diagnosis and treatment. After hearing argument, the court denied Ross's motion. When the case was called for trial on September 22, 1993, Ross voluntarily moved for dismissal without prejudice pursuant to Rule 67.01.[1]

The next day, Ross filed a second lawsuit against Union Pacific in the same court alleging identical facts. Union Pacific moved to dismiss, or in the alternative, for summary judgment, arguing that the second action was barred by the three-year statute of limitations for FELA actions. In response, Ross amended his petition to reflect the voluntary dismissal of his first action. Union Pacific moved to dismiss or for summary judgment as to the amended petition, and, on January 21, 1994, the trial court sustained Union Pacific's motion.

The sole issue on appeal is whether the trial court should have applied the doctrine of equitable tolling to suspend the running of

---

1. The former Rule 67.01 was repealed January 1, 1994; a voluntary dismissal is now authorized pursuant to Rule 67.02.

the statute of limitations during the pendency of the original action.[2] Ross relies on *Burnett v. New York Cent. R.R.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), in support of his position.

In *Burnett,* the plaintiff, a Kentucky resident, filed an action under FELA in Ohio state court. *Id.* at 424, 85 S.Ct. at 1052. Because of a special venue statute applicable to actions against railroads, nonresidents could sue railroads only in the county in which the accident occurred. *Id.* at 425, 85 S.Ct. at 1052. Ohio had no statute comparable to 28 U.S.C. § 1406(a), which permits a court to transfer the case to a proper venue in such a situation. *Id.* at 426, 85 S.Ct. at 1053. The Ohio state court, therefore, dismissed the action. *Id.* at 425, 85 S.Ct. at 1052. Eight days after the state court dismissed the action, the plaintiff brought an action in federal district court alleging the same facts. *Id.* The district court dismissed the complaint on the ground that the action was barred by 45 U.S.C. § 56 (1958). *Id.*

On appeal, the United States Supreme Court stated that "the FELA limitation period is not totally inflexible, but, under appropriate circumstances, it may be extended beyond three years." *Id.* at 427, 85 S.Ct. at 1054. Determining that a situation existed that justified tolling the statute, *see Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984), the Court stated that "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Burnett,* 380 U.S. at 427, 85 S.Ct. at 1054. The Court stated that "[s]tatutes of limitations are primarily designed to assure fairness to defendants" and indicated that in determining whether the congressional purpose in adopting the statute of limitations is satisfied, the Court will look to whether the defendant is timely notified of the claim, whether the defendant is prejudiced by tolling the limitation period, and whether the plaintiff diligently pursued his or her claim. *Id.* at 428, 85 S.Ct. at 1054.

Finding the purpose of the statute of limitations satisfied under the facts before it, the Court held that "when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action." *Id.*

Ross's reliance on *Burnett* disregards the primary factor in the Court's decision—the need for uniformity in the operation of FELA. The Court refused to apply various state savings statutes to FELA actions because to do so "would produce nonuniform periods of limitation in the several States." *Id.* at 433, 85 S.Ct. at 1057. The Court recognized, however, that not to toll the statute of limitations "would produce a substantial nonuniformity by creating a procedural anomaly." *Id.* An FELA action pending in a state where actions filed in the wrong venue were dismissed could be barred by the running of the statute of limitations, while a similar action in a state having a transfer statute would be transferred to a proper venue and the plaintiff's action preserved, thus producing a nonuniform limitation period. *Id.* at 434, 85 S.Ct. at 1057. To ensure uniform application of the FELA limitation period, the *Burnett* Court tolled the statute of limitations. *Id.* at 434–35, 85 S.Ct. at 1057–58; *see Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 467 n. 12, 95 S.Ct. 1716, 1723 n. 12, 44 L.Ed.2d 295 (1975) ("In view of the ... desirability of uniformity in the enforcement of FELA claims, the Court [in *Burnett* ] concluded that the prior filing tolled the statute."); *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 708, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966) ("The primary underpinning of *Burnett,* however, [was] .... to implement the national policy of a uniform time bar clearly expressed by Congress when it enacted the FELA limitation provision.").

The circumstances that supported the Supreme Court's holding in *Burnett* do not

---

**2.** The applicability of the doctrine in this case is at issue because the United States Supreme Court has held that state savings statutes, such as § 516.230, RSMo 1994, cannot be used to extend the FELA limitation period, because "incorpo-ration of variant state saving statutes would defeat the aim of a federal limitation provision designed to produce national uniformity." *Burnett v. New York Cent. R.R.,* 380 U.S. 424, 433, 85 S.Ct. 1050, 1057, 13 L.Ed.2d 941 (1965).

exist in the instant case. In Missouri, a trial court is required to transfer any case filed in an improper venue to a court where venue is proper. § 476.410, RSMo 1994. National uniformity of the federal limitation period is not, therefore, frustrated by Missouri law.

Ross nevertheless contends that the rationale of *Burnett* requires that the statute of limitations be tolled under the circumstances of his case. He asserts that he timely filed his original action in a court with jurisdiction and obtained valid service upon Union Pacific. He asserts that he should not be "deprived of his rights when no policy underlying a statute of limitations is served in doing so," *Burnett*, 380 U.S. at 434, 85 S.Ct. at 1057, because the facts demonstrate that he exercised due diligence, that Union Pacific was put on timely notice of the claim, and that Union Pacific will not be prejudiced by tolling the limitation period.

Ross's reliance on *Burnett* is once again misplaced. The factors identified in *Burnett*—diligent pursuit of a claim, timely notice, and absence of prejudice to the defendant—are not independent bases for invoking the doctrine of equitable tolling; they are to be considered only if the plaintiff demonstrates circumstances that justify equitable relief. *Baldwin County Welcome Ctr.*, 466 U.S. at 152, 104 S.Ct. at 1726. Federal courts have applied the doctrine of equitable tolling only in limited circumstances. *Irwin v. Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). In *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir.1978), the court stated that "tolling might be appropriate only where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." *Accord School Dist. v. Marshall*, 657 F.2d 16, 19–20 (3d Cir.1981). The doctrine has been applied, for example, when a defendant's active misrepresentation caused the plaintiff to

let the filing period lapse, *see Leake v. University of Cincinnati*, 605 F.2d 255, 258 (6th Cir.1979), and when war prevented a plaintiff from suing within the limitation period, *see Osbourne v. United States*, 164 F.2d 767, 769 (2d Cir.1947).

Courts do not forgive late filings, however, where the fault for missing the statutory deadline is more directly attributable to the plaintiff. In *McKinney v. CSX Transp., Inc.*, 298 S.C. 47, 378 S.E.2d 69, 70 (Ct.App.1989), a case with pertinent facts nearly identical to those of the instant case, the plaintiff voluntarily dismissed the action after the trial court denied his motion for a continuance. The South Carolina Court of Appeals, distinguishing *Burnett* and refusing to toll the statute of limitations, stated:

> Unlike the plaintiff in *Burnett*, however, McKinney could have gone forward with the trial of his case. He elected instead to dismiss his case, despite the fact that over five years had passed since the date of the accident. In voluntarily dismissing his case more than three years from the day his cause of action under the FELA accrued, McKinney slept on his rights.

*Id.* 378 S.E.2d at 71. *Accord Huett v. Illinois Cent. Gulf R.R.*, 268 Ill.App.3d 494, 205 Ill.Dec. 918, 644 N.E.2d 474 (1994).

*Burnett* is, therefore, of no assistance to Ross. Ross brought his present difficulty upon himself by voluntarily dismissing his action on the day of trial as a self-help remedy for the denial of his motion for a continuance.[3] He dismissed his action despite federal and Missouri precedent expressly holding that state savings statutes have no application in FELA actions. *See Burnett*, 380 U.S. at 433–34, 85 S.Ct. at 1057; *Stine v. Kansas City Terminal Ry.*, 564 S.W.2d 619, 620–21 (Mo.App.1978). Ross cannot claim that the trial court or Union Pacific denied him the opportunity to assert his claim within the three-year statute of limitations. Both the court and Union Pacific were ready for trial when Ross elected to dismiss his claim nearly

---

**3.** Ross has not cited, and this Court has not found, any case where a court equitably tolled the limitation period when the plaintiff voluntarily dismissed the original cause of action. In *Stine v. Kansas City Terminal Ry.*, 564 S.W.2d 619, 622 (Mo.App.1978), the court found important that the plaintiff voluntarily dismissed his action, concluding that "[t]his alone would appear to remove the instant case from the working realm of the ultimate holding in *Burnett*."

**714**

two years after the limitation period ended. Nor can Ross claim that some extraordinary event justifies tolling the statute. Under these facts and circumstances, this Court will not revive Ross's cause of action.

The judgment of the trial court is affirmed.

All Concur.