121 Ill.2d 188 (1987)
520 N.E.2d 293
JAMES McCASTLE, Appellant,
v.
MITCHELL B. SHEINKOP, M.D., LTD., et al., Appellees.
No. 64240.
Supreme Court of Illinois.
Opinion filed December 30, 1987.
Rehearing denied April 5, 1988.
*189 Barbara J. Clinite, of Chicago, for appellant.
Kevin T. Martin, George F. Fitzpatrick, Jr., and Ruth E. VanDemark, of Wildman, Harrold, Allen & Dixon, of Chicago, for appellees Mitchell B. Sheinkop, M.D., Ltd., and Mitchell B. Sheinkop, M.D.
Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Richard G. Howser, Donna Wamack Cruz and Helen Marie Ryan, of counsel), for appellee Rush-Presbyterian-St. Luke's Medical Center.
Saul J. Morse & Associates, Ltd., of Springfield (Saul J. Morse and Eric A. Artman, of counsel), Winston & Strawn, of Chicago (Calvin Sawyier, of counsel), and Jenner & Block, of Chicago (John B. Simon, Russ M. Strobel, and Ellen R. Kordik, of counsel), for amicus curiae *190 Illinois State Medical Society.
Order vacated; cause remanded.
JUSTICE MORAN delivered the opinion of the court:
On February 5, 1986, plaintiff James McCastle filed a medical malpractice action in the circuit court of Cook County against defendants Mitchell Sheinkop, M.D., and Rush-Presbyterian-St. Luke's Medical Center. Thereafter, defendants filed motions to dismiss for failure to attach to the complaint the attorney's affidavit and health professional's report as required by section 2-622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2-622). The trial court granted the defendants' motions and dismissed the cause with prejudice. Appeal is taken directly to this court under Rule 302(b). 107 Ill.2d R. 302(b).
On appeal, the plaintiff raises several constitutional challenges to section 2-622; however, our disposition of the case makes it necessary to consider only the following issue: whether it was error to dismiss plaintiff's complaint with prejudice.
A brief summary of the relevant provisions of section 2-622 is necessary. Section 2-622(a)(1) (Ill. Rev. Stat. 1985, ch. 110, par. 2-622(a)(1) provides that in any action for medical malpractice the plaintiff must attach to the complaint an affidavit stating that he has consulted with a health professional in whose opinion there is a "reasonable and meritorious cause" for the filing of the action. In addition, the plaintiff must also attach the written report of the health professional indicating the basis for his determination. Section 2-622(a)(2) (Ill. Rev. Stat. 1985, ch. 110, par. 2-622(a)(2)) allows for a 90-day extension for the filing of the affidavits if the statute of limitations is near expiration, and section 2-622(a)(3) (Ill. Rev. Stat. 1985, ch. 110, par. 2-622(a)(3)) provides that if the plaintiff is having difficulty obtaining necessary medical records he is given 90 days upon receipt of *191 the medical records in which to file the affidavits. Section 2-622(g) (Ill. Rev. Stat. 1985, ch. 110, par. 2-622(g)) provides that "failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619."
Plaintiff contends that it was error for the trial court to dismiss the action with prejudice. At the hearing on the motion to dismiss, the plaintiff argued that dismissal should be made without prejudice and he requested leave to file an amended complaint. The trial court, however, granted defendants' motions to dismiss with prejudice. And while it is not entirely clear, it appears from the record that the trial court felt that it had no discretion but to dismiss the action with prejudice. The record suggests that the trial court viewed dismissal with prejudice as statutorily required.
Plaintiff argues that dismissal with prejudice was improper since it is usually within the discretion of the trial court whether to grant dismissal with or without prejudice and because section 2-622, by its terms, does not mandate dismissal with prejudice. Moreover, plaintiff notes that since failure to file the affidavits could be cured by amendment, it was error for the trial court to deny plaintiff leave to file an amended complaint. Defendants argue that section 2-622 requires that dismissals be with prejudice. They argue that because dismissals under section 2-622 are pursuant to section 2-619 (Ill. Rev. Stat. 1985, ch. 110, par. 2-619), which concerns defects and defenses that cannot be cured by amendment, rather than section 2-615 (Ill. Rev. Stat. 1985, ch. 110, par. 2-615), which concerns defects which can be cured by amendment, it was therefore the legislature's intent that section 2-622 dismissals be with prejudice. Defendants also contend that this legislative intention is further evidenced by provisions in section 2-622 which lessen the harshness of the rule. They note that *192 section 2-622(a)(2) provides for a 90-day filing extension if the statute of limitations is near expiration and that section 2-622(a)(3) provides for a 90-day filing extension if there is difficulty in obtaining medical records and argue that these provisions were included in order to eliminate any unfairness which would otherwise obtain if the plaintiff's action were dismissed with prejudice. They view these provisions as illustrating the legislature's intent that dismissals be with prejudice by underscoring legislative concern that the rule not operate to forever bar a plaintiff where the failure to file the affidavits was outside of the plaintiff's control. Alternatively, defendants argue that even if the trial court is given discretion as to whether dismissals should be with or without prejudice, the dismissal with prejudice here was proper since the plaintiff never offered to submit the affidavits.
Our examination of the legislative history of section 2-622 reveals that the legislature did not intend to require dismissal with prejudice. During legislative debate, one of the sponsors of section 2-622 indicated that the court had the authority to grant leave to file an amended complaint with new affidavits where the plaintiff seeks to alter his theory of liability. The following exchange took place during debate in the House of Representatives between Representative Daniels, a sponsor of section 2-622, and Representative Preston:
"Representative Preston: *** What happens in the case after you enter into discovery, you then find out, which is frequently the situation, that at that point you want to rely on the doctrine of res ipsa loquitur, where you hadn't discovered that prior to the filing of the complaint?
Representative Daniels: You would amend the complaint with a new consulting physician's report.
Representative Preston: Well, but after discovery has been entered into and there's been preliminary motions, you then need leave of court, do you not, to amend the *193 complaint? It's not of right that you can amend the complaint at that time.
Representative Daniels: You would need leave of court. You would have to show good cause to the court.
Representative Preston: And the court can deny that, I assume.
Representative Daniels: I think the Judge would do the right thing." 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 385-86.
In our view, it is unlikely that the legislature intended that the court have discretion to grant leave to file an amended complaint where the plaintiff seeks to amend the affidavits but not where the plaintiff neglects to file the affidavits originally. It seems unlikely that the legislature would entrust such discretion to the trial judge where the plaintiff seeks to proceed on a new theory of liability while mandating dismissal with prejudice for inadvertent omission of the affidavits. Moreover, we have held that an act of the legislature will not be construed so as to lead to absurd, inconvenient or unjust consequences (People ex rel. Cason v. Ring (1968), 41 Ill.2d 305, 312-13) and such would be the consequence if here the court were without authority to permit amendments to add the necessary affidavits. Requiring that section 2-622 dismissals be with prejudice would be a triumph of form over substance. It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially fail to comply with its terms. We decline to ascribe such intentions to the legislature.
Finally, defendants urge that the dismissal with prejudice was nevertheless proper since the plaintiff did not offer to submit the affidavits. This contention, however, is contrary to the record. At the hearing on the motion to dismiss, the plaintiff stated that "such affidavits could be filed and then made available to the court." This *194 statement, while not as precise as it might be, clearly expresses the plaintiff's desire that he be given leave to file an amended complaint. Furthermore, it appears that the court understood the statement to be such a request but nonetheless dismissed the plaintiff's cause with prejudice.
The decision whether to grant leave to amend the pleadings is within the sound discretion of the trial court. However, we will not hesitate to overturn the trial court's determination where there has been a manifest abuse of discretion. (Deasey v. City of Chicago (1952), 412 Ill. 151, 156.) Here, the trial court proceeded under the erroneous belief that section 2-622 requires dismissal with prejudice.
Because the trial court acted under the misapprehension that it did not have discretion, the cause is remanded for further consideration consistent with the views expressed in this opinion.
Order vacated; cause remanded.
JUSTICE SIMON took no part in the consideration or decision of this case.
JUSTICE MILLER, specially concurring:
I agree with the majority that dismissal with prejudice should not be the inevitable consequence of every failure to file the certificate required by section 2-622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2-622). But in reaching that result I would not rely, as the majority does, on the discussion concerning amendments to pleadings that appears in the legislative history of section 2-622.
Under section 2-622(g), the failure to file the required certificate "shall be grounds for dismissal under Section 2-619." (Ill. Rev. Stat. 1985, ch. 110, par. 2-622(g).) *195 Section 2-619(a) of the Code of Civil Procedure provides, "Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds." (Ill. Rev. Stat. 1985, ch. 110, par. 2-619(a).) Construing identical language in the statutory predecessor of section 2-619, section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48), the court in A.E. Staley Manufacturing Co. v. Swift & Co. (1980), 84 Ill.2d 245, 252, said, "The reference *** to `other appropriate relief' makes it obvious that dismissal is not mandated or the only form of relief afforded by that statute, as the circuit court seemingly presumed." I would hold here that the reference in section 2-622(g) to "dismissal under Section 2-619" incorporates the provision for "other appropriate relief." In light of Staley, then, the trial judge in this case was not automatically required to dismiss the action with prejudice for plaintiff's failure to submit the certificate required by section 2-622.
JUSTICE RYAN joins in this special concurrence.