NICHELLE CATO, by her Mother and Next Friend, Regina Cato, Plaintiff-Appellant, v. ADNAN ATTAR, Defendant-Appellee.

Second District   No. 2—90—1058

Opinion filed March 27, 1991.

Cynthia L. Chase, John C. Mullen, and Mary R. Minella, all of Mullen, Minella & Chase, of Chicago, for appellant.

George E. Riseborough and Thomas K. Gerling, both of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Nichelle Cato, through her mother and next friend, Regina Cato, appeals from an order of the trial court denying her motion for leave to file an amended complaint and dismissing her complaint with prejudice. Plaintiff argues the trial court's decision was an abuse of discretion. We reverse and remand.

On March 22, 1990, plaintiff filed a complaint through her mother and next friend, Regina Cato, against defendant, Dr. Adnan Attar, for medical malpractice which allegedly occurred during plaintiff's birth. Plaintiff did not attach an affidavit or written report to her complaint as required by section 2—622 of the Illinois Code of Civil Procedure (Code) (see Ill. Rev. Stat. 1989, ch. 110, par. 2—622). On May 9, defendant filed a motion to dismiss the complaint due to the failure to attach the affidavit or report to the complaint. On May 18, plaintiff filed a motion for leave to file an amended complaint *instanter*. The amended complaint had an affidavit and written medical report attached to it.

On June 8, the court conducted a hearing on plaintiff's motion for leave to file an amended complaint and defendant's motion to dismiss. The court denied plaintiff's motion to file an amended complaint and granted defendant's motion to dismiss *with prejudice*. Plaintiff filed a motion to reconsider, and on August 28, the court denied the motion. Plaintiff appeals from the trial court's orders of June 8 and August 28.

We initially note defendant has filed a motion to strike certain portions of plaintiff's statement of facts alleging violations of Supreme Court Rule 341(e)(6). (134 Ill. 2d R. 341(e)(6).) This court ordered the motion to be decided with the merits of the case. We agree with defendant and grant his motion to strike. The improper factual statements have not been considered by this court.

■■ Section 2—622 requires a plaintiff to attach an affidavit of merit and a written report from a health professional to any complaint for medical malpractice. (Ill. Rev. Stat. 1989, ch. 110, par. 2—622(a)(1).) Failure to comply with this requirement is ground for dismissal under section 2—619 of the Code. (Ill. Rev. Stat. 1989, ch. 110, par. 2—622(g).) Plaintiff admits that she did not comply with the above requirements when she filed her complaint.

■■ The clear purpose of section 2—622 is to deter the filing of frivolous medical malpractice lawsuits and insure the meritoriousness of those cases which are filed. While section 2—622 allows the court to dismiss a complaint for failure to comply with its mandates, it does not require dismissal *with prejudice. (McCastle v. Sheinkop* (1987),

121 Ill. 2d 188, 192-93.) A party who fails to comply with section 2—622 may be granted leave to amend its pleadings to cure the defect, or the court may dismiss the complaint with or without prejudice. The determination of whether to allow amendment or to dismiss depends on the facts and circumstances of each case. (*Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 855.) The trial court's choice of one of the above options is within its sound discretion. (*McCastle*, 121 Ill. App. 3d at 194.) The trial court's decision will not be overturned absent an abuse of discretion. (*Wasielewski v. Gilligan* (1989), 189 Ill. App. 3d 945, 951.) However, it must be noted that amendments to medical malpractice pleadings should be liberally allowed to enable the case to be decided on its merits rather than on procedural technicalities. *Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 638.

In the case at bar, plaintiff's initial complaint was filed on March 22, 1990, and admittedly did not comply with the requirements of section 2—622. In the face of a motion to dismiss, plaintiff sought to cure the defect in her pleading by attempting to file an amended complaint on May 18 (approximately 57 days after filing her initial complaint). The statute itself allows for affidavits of merit to be filed 90 days after the filing of the complaint in some circumstances. (See Ill. Rev. Stat. 1989, ch. 110, pars. 2—622(a)(2), (a)(3).) While we note the case at bar does not exhibit the circumstances set forth in the statute for late filing, we acknowledge the legislature's determination that the concurrent filing of an affidavit of merit and a complaint is not imperative in all cases. "[T]he absence of the affidavit at the time of filing does not strike the death knell for a medical malpractice claim." *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 710.

■ This court has held that a trial court may consider whether there was a showing of good cause for failure to timely file section 2—622 documents in deciding if late filings should be allowed. (See *Premo. v. Falcone* (1990), 197 Ill. App. 3d 625, 633.) In the case at bar, plaintiff's noncompliance with section 2—622 was based upon plaintiff's reliance on a first district case, *DeLuna v. St. Elizabeth's Hospital* (1989), 184 Ill. App. 3d 802, which held the requirements of section 2—622 to be unconstitutional. This court had, prior to *DeLuna*, determined the statute to be constitutional (see *Bloom v. Guth* (1987), 164 Ill. App. 3d 475, 478-79) and has since confirmed this position. (See *Premo*, 197 Ill. App. 3d at 633.) Defendant contends plaintiff's reliance on an out-of-district appellate court opinion that was contrary to a prior opinion rendered by this court did not establish good cause for the late filing of the affidavits and medical report.

■ In *Premo*, we affirmed the dismissal of a malpractice complaint with prejudice for failure to comply with section 2—622. (*Premo*, 197 Ill. App. 3d at 633.) We noted the plaintiff's failure to present any evidence of good cause for untimely filing. (*Premo*, 197 Ill. App. 3d at 631; see also *Batten v. Retz* (1989), 182 Ill. App. 3d 425, 430 (court acted within its discretion in considering lack of any showing of good cause for late filing and in dismissing complaint with prejudice).) While we do not condone incomplete research by an attorney, in this case, plaintiff did present current Illinois case law supporting its lack of compliance. Additionally, plaintiff attempted to comply with section 2—622 within 10 days of becoming aware of this court's contrary interpretation of the statute and within 60 days of the filing of her complaint. There is no indication of bad faith or an intent to frustrate justice by plaintiff. We can discern no prejudice that would have inured to defendant if the court would have either allowed amendment or dismissed the complaint without prejudice. As previously noted, medical malpractice cases should be determined on the merits when at all possible.

Based upon the facts and circumstances of this case, we determine the trial court abused its discretion in not allowing plaintiff to amend her pleadings and in dismissing plaintiff's complaint with prejudice.

■ Defendant argues that, even if the trial court erred in dismissing the complaint for failure to attach the required affidavit and medical report, this court should affirm the trial court due to the insufficiency of the proposed amendments. The determination of the sufficiency of the documents required by section 2—622 is a determination to be made initially by the trial court. (See *Alford*, 169 Ill. App. 3d 845.) The record reflects the trial court in this case did not determine the sufficiency of the affidavit and the medical report. We defer to the trial court on this issue.

For the reasons stated above, the judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

BOWMAN and GEIGER, JJ., concur.