LILLIAN SIMPSON, Plaintiff-Appellant, v. ILLINOIS HEALTH CARE SERVICES, INC., Indiv. and d/b/a Memorial Hospital, *et al.*, Defendants-Appellees (Napoleon Abando, Defendant).

Second District No. 2—91—0657

Opinion filed March 3, 1992.

Jeffrey E. Martin, of Karlin & Fleisher, and David A. Novoselsky and Linda A. Bryceland, both of David A. Novoselsky & Associates, both of Chicago, for appellant.

Vette E. Kell, of Kell, Nuelle & Loizzo, of Woodstock, and Thomas H. Fegan, of Johnson & Bell, Ltd., of Chicago, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Lillian Simpson, filed a four-count medical malpractice complaint against defendants Illinois Health Care Services, Inc., individually and doing business as Memorial Hospital; Memorial Hospital; Memorial Hospital for McHenry County; Eugene Lee, M.D.; S. Bobba, M.D.; and Napoleon Abando, M.D. The trial court dismissed the complaint with prejudice for failure to file an affidavit and health professional's report as required by section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—622). On appeal, plaintiff contends that the court abused its discretion in dismissing the complaint with prejudice.

The various hospital designations apparently refer to the same entity, which we will refer to as "the hospital." Plaintiff voluntarily dismissed Dr. Abando from the action, and he is not a party to this appeal.

Plaintiff's complaint alleges that on January 8, 1989, she was treated at the hospital for "various injuries and/or illnesses." While at the hospital she asked Dr. Lee to examine a lump on her right breast. Plaintiff further alleges that defendants failed to test adequately the breast lump to determine whether it was malignant and as a result failed to diagnose and treat her breast cancer.

Plaintiff's motion to reconsider the dismissal with prejudice provides the following additional facts. On January 8, 1989, Dr. Lee examined plaintiff's breasts and made several attempts to aspirate fluid from the lump. When no fluid was obtained, he did no further follow-up. On approximately August 29, 1990, plaintiff awoke with her right arm and hand swollen. She went to see Dr. Robin Borchardt at the Rockford Family Care Clinic in Rockford. A biopsy revealed that plaintiff had stage 2 breast cancer.

Plaintiff filed her complaint on December 27, 1990. The complaint did not contain an attorney's affidavit pursuant to section 2—622(a)(1) or section 2—622(a)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—622(a)(1), (a)(2)). However, the complaint alleges in each count:

> "Plaintiff is filing this action pursuant to Section 622(a)(2) [*sic*] of the Code of Civil Procedure, Ill. Rev. Stat., Chapter 110, and will file the required certificate and written report within 90 days after the filing of this Complaint."

All defendants initially answered the complaint. On April 19, 1991, the hospital and Dr. Bobba moved to withdraw their answer and file a motion to dismiss the complaint. The motion was brought pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) and was based on plaintiff's failure to file an affidavit or doctor's report pursuant to section 2—622 within 90 days of filing the complaint. Dr. Lee later obtained leave to withdraw his answer and join in this motion.

In response, plaintiff filed a motion for extension of time to file the section 2—622 report and affidavit. The motion included the affidavit of plaintiff's attorney, Jeffrey Martin, which detailed his next-described attempts to obtain the required physician's certification.

Initially, Martin contacted plaintiff's subsequent treating physician, Dr. Borchardt, on December 13, 1990. Borchardt responded by letter that the medical records he reviewed contained insufficient information for him to be able to reach any conclusion as to whether defendants had rendered inadequate care to the plaintiff. Martin received this letter February 8, 1991.

Martin then contacted another of plaintiff's treating physicians, Dr. Michael Beierle, and sent him plaintiff's medical records for review. Martin thereafter attempted to contact Dr. Beierle on several occasions to obtain the results of his review of the records. Specifically, Martin left telephone messages for him on February 26, February 27, March 30 and April 6, 1991. On the last-named date, Martin learned that Dr. Beierle had been on vacation for several weeks and would return to his office on April 8.

On April 8, Martin spoke with Dr. Beierle, who informed him that his review of the records showed that defendants had indeed deviated from the applicable standard of care in failing to diagnose and treat plaintiff's breast cancer. Beierle advised Martin that he would forward the necessary physician's report to him.

Martin again called Beierle on April 15 when he still had not received the report. Beierle's secretary stated that the doctor was quite busy, but that he had the records on his desk and would get to it.

On April 30, Dr. Beierle's secretary phoned Martin and dictated the report to him over the phone. Martin requested that the report be sent to him immediately. He called again on May 9 and May 10 to inquire about the report, stressing that it was urgent that he receive it immediately. Subsequently, Martin learned that the report had been mailed to the wrong address.

The court scheduled a hearing on the motion to dismiss on May 14, 1991. On that date, plaintiff filed an addendum to her complaint which consisted of Dr. Beierle's report. In summary, Dr. Beierle concluded that defendants had erred in failing to make further inquiry about the lump on plaintiff's breast and failing to diagnose her breast cancer. These errors led to the spread of plaintiff's cancer and her likely death from the cancer. In Dr. Beierle's opinion, plaintiff had a meritorious cause of action against Dr. Lee and the hospital.

The court granted defendants' motion and dismissed the complaint with prejudice. Plaintiff filed a motion to reconsider which the court denied. This appeal followed.

On appeal, plaintiff contends that the court abused its discretion in dismissing her complaint with prejudice where the required physician's report was tendered only 48 days late and the record shows that diligent efforts were made to obtain the report within 90 days of filing the complaint. Defendants respond that the court did not abuse its discretion and that, in any event, the report which plaintiff eventually tendered was insufficient.

■ Section 2—622(a)(1) provides that in any medical malpractice action the plaintiff must attach to the complaint an affidavit stating

that he has consulted with a health professional in whose opinion there is a "reasonable and meritorious cause" for filing the action. In addition, the plaintiff must attach the written report of the health professional indicating the basis for this determination. (Ill. Rev. Stat. 1989, ch. 110, par. 2—622(a)(1); *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 190.) Section 2—622(a)(2) allows a 90-day extension for filing the affidavit if the statute of limitations is about to expire. Ill. Rev. Stat. 1989, ch. 110, par. 2—622(a)(2); *McCastle*, 121 Ill. 2d at 190.

The clear purpose of section 2—622 is to deter the filing of frivolous medical malpractice lawsuits. (*Cato v. Attar* (1991), 210 Ill. App. 3d 996, 998.) While section 2—622 allows the court to dismiss a complaint for failure to comply with its mandates, it does not require dismissal with prejudice. (*McCastle*, 121 Ill. 2d at 192-93.) The decision whether to dismiss a complaint for failure to comply with section 2—622 is within the trial court's sound discretion, and its decision will not be overturned on appeal absent an abuse of that discretion. (*Cato*, 210 Ill. App. 3d at 999; *Wasielewski v. Gilligan* (1989), 189 Ill. App. 3d 945, 951.) In determining whether late filing should be allowed, the court may consider whether the plaintiff has demonstrated good cause for failure to file timely the documents. (*Premo v. Falcone* (1990), 197 Ill. App. 3d 625, 633.) However, generally amendments to medical malpractice pleadings should be liberally allowed to enable the case to be decided on its merits rather than on procedural technicalities. *Cato*, 210 Ill. App. 3d at 999; *Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 638.

This court recently reversed a dismissal with prejudice for failure to comply timely with section 2—622 in *Cato v. Attar* (1991), 210 Ill. App. 3d 996. In that case, the complaint was filed without complying with section 2—622. The statute of limitations was not about to run, so the section 2—622(a)(2) extension was not applicable. However, 57 days after the initial filing, plaintiff sought leave to amend her complaint to attach the required documents. Plaintiff's counsel explained that he had not attached the affidavit initially because he mistakenly relied on the First District Appellate Court's decision in *DeLuna v. St. Elizabeth's Hospital* (1989), 184 Ill. App. 3d 802, which held the statute unconstitutional. The supreme court in *DeLuna v. St. Elizabeth's Hospital* (1992), 147 Ill. 2d 57, has recently reversed the appellate court's decision and determined that section 2—622 is constitutional. Additionally, we noted that this court had previously upheld the statute in *Bloom v. Guth* (1987), 164 Ill. App. 3d 475. While not condoning counsel's incomplete research, we nonetheless held that the plaintiff demonstrated good cause for failure to file timely the re-

quired attachments. (*Cato*, 210 Ill. App. 3d at 1000; see also *Kus v. Sherman Hospital* (1990), 204 Ill. App. 3d 66, 72 (plaintiff's attorney reasonably, although incorrectly, believed that section 2—622 did not apply).) Under similar circumstances, this court held that the trial court did not abuse its discretion in vacating an order which had dismissed plaintiff's complaint with prejudice and further noted that the case involved a two-year-old plaintiff, who, had the case not been filed and dismissed, would have had another 16 years to file her complaint. *Espedido v. St. Joseph Hospital* (1988), 172 Ill. App. 3d 460, 468-69.

■ In the instant case, the alleged misdiagnosis occurred January 8, 1989. The complaint was filed December 27, 1990. Thus, at least arguably, the statute of limitations was about to run on January 8, 1991. This was sufficient to trigger the 90-day extension under section 2—622(a)(2). However, plaintiff did not seek leave to file the health professional's report until May 14, 1991, or 47 days after the 90-day extension expired. Plaintiff's counsel explained that he had attempted to obtain a certificate from Dr. Borchardt, one of plaintiff's subsequent treating physicians, prior to filing the complaint. Later Dr. Borchardt informed him that the records available to him were insufficient to make a determination regarding the degree of care exercised by defendants in the treatment of plaintiff. Plaintiff's attorney then sent her medical records to Dr. Beierle, who eventually did determine that defendants violated the applicable standard of care in failing to diagnose plaintiff's breast cancer. Plaintiff's counsel detailed his attempts to contact Dr. Beierle and obtain his report.

We believe that plaintiff demonstrated good cause for her failure to file the report and affidavit within 90 days. Plaintiff's attorney sent her medical records to two of her subsequent treating physicians and made repeated efforts to obtain their reports within the 90-day time limit. While in retrospect it might have been better had plaintiff filed a motion for extension of time within the original 90-day extension, this is more akin to a procedural technicality, which should not be the basis for dismissing an otherwise allegedly meritorious complaint.

On the record established so far, the complaint may have merit, and Dr. Beierle so found. Of course, we do not have occasion to pass upon the sufficiency of the complaint at this time. We hold only that the trial court should have permitted plaintiff to file Dr. Beierle's report and abused its discretion in dismissing the complaint with prejudice for failure to do so in a more timely manner.

Defendants argue in the alternative that the report which plaintiff proposed to file was insufficient in any event. The record affirma-

tively demonstrates that the trial court did not pass on the sufficiency of the proposed report. The determination of the sufficiency of the documentation is initially a question for the trial court. (*Cato v. Attar* (1991), 210 Ill. App. 3d 996, 1000.) Therefore, we do not consider this issue.

For the foregoing reasons, the judgment of the circuit court dismissing plaintiff's complaint with prejudice is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and GEIGER, J., concur.