RICHARD TUCKER, Plaintiff-Appellant, v. ST. JAMES HOSPITAL *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—93—2371

Opinion filed April 15, 1996.

John Thomas Moran, Jr., of Chicago, for appellant.

Clausen, Miller, P.C., of Chicago (James T. Ferrini and Susan Condon, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:
Plaintiff, Richard Tucker, brought a medical malpractice action against defendant, Michael Zindrick, and codefendants, St. James Hospital and Good Samaritan Hospital (the hospitals). Plaintiff did not attach to his complaint an attorney's affidavit or a health professional's report, as required by the Illinois Code of Civil Procedure. 735 ILCS 5/2—622 (West 1994). The hospitals filed motions to dismiss, which the trial court granted. Plaintiff does not appeal those rulings. Defendant subsequently filed a motion to dismiss. The trial court granted the motion without prejudice and allowed plaintiff time to file the affidavit and report. However, plaintiff's subsequent filings were found to be inadequate. The trial court then dismissed the complaint with prejudice and denied plaintiff's motion to vacate the dismissal. Plaintiff appeals, contending that the trial court abused its discretion in refusing to allow the case to be tried on the merits.

Defendant is a physician licensed in Illinois and specializing in orthopedic surgery. Plaintiff suffered from a back condition that de-

fendant treated sometime prior to December 5, 1988, by surgically fusing two vertebrae in plaintiff's back. That operation is not part of the negligence alleged by plaintiff.

On December 5, 1988, plaintiff fell down and went to the emergency room of St. James Hospital. The complaint alleges that defendant was informed of plaintiff's discharge diagnosis of "contusion to the lumbar sacral area of the back" and concurred with it. In January 1989, plaintiff was admitted to Good Samaritan Hospital for the treatment of severe back pain stemming from his fall. He was discharged with a diagnosis of "lumbar sacral sprain." On October 25, 1989, plaintiff was admitted into the Mayo Clinic in Rochester, Minnesota, and diagnosed with a "bi-lateral breakage of the previously performed fusion."

■ Defendant filed a medical malpractice action against the hospitals and defendant, alleging that they were negligent in failing to diagnose the broken fusion. On January 9, 1991, however, plaintiff voluntarily dismissed the lawsuit because he was unable to obtain a health professional's report. Section 2—622 of the Illinois Code of Civil Procedure requires a medical malpractice plaintiff to attach to the complaint (1) an affidavit from the plaintiff or his attorney that a qualified health professional has determined in a written report that there is a meritorious cause of action, and (2) the health professional's written report indicating the basis for his determination. 735 ILCS 5/2—622 (West 1994); *McCastle v. Sheinkop*, 121 Ill. 2d 188, 190, 520 N.E.2d 293, 294 (1987).

On January 3, 1992, plaintiff filed a second lawsuit, naming the same defendants. Again, the complaint did not have attached an affidavit or a health professional's report but, rather, plaintiff asserted that section 2—622 is unconstitutional, relying on *DeLuna v. St. Elizabeth's Hospital*, 184 Ill. App. 3d 802, 540 N.E.2d 847 (1989). On February 20, 1992, however, the Illinois Supreme Court reversed the appellate court, in a decision that became final on March 30, and ruled that section 2—622 is constitutional. *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 588 N.E.2d 1139 (1992). Therefore, on May 4, 1992, the trial court granted plaintiff an extension to file the affidavit and report.

On June 11, 1992, plaintiff filed an unsworn, undated affidavit declaring that Dr. Thomas Mitchell is knowledgeable in the relevant issues and has determined in a written report that there is a meritorious cause of action. The affidavit stated that it was made under oath; however, spaces for the date and signature of a notary public were left blank. There was no indication that an oath was actually administered. Attached to the affidavit was a copy of Dr. Mitchell's

report. The report states that the physicians at the Mayo Clinic determined plaintiff's actual injury, whereas defendant did not. Dr. Mitchell also stated in his report that he is not a surgeon and that he is unable to assess whether defendant was negligent. He stated that he would concur with the opinion of the physicians at the Mayo Clinic.

The hospitals filed motions to dismiss which the trial court granted on August 10, 1992, holding that the affidavit and health professional's report were inadequate. Plaintiff has not appealed those dismissals.

On August 13, 1992, defendant filed a motion to dismiss, claiming that the affidavit and report were defective for failing to establish (1) how Dr. Mitchell is knowledgeable in the relevant issues, (2) that Dr. Mitchell has practiced or taught in the same area of health care as defendant for at least six years, (3) that Dr. Mitchell is qualified by experience or demonstrated competence, or (4) that Dr. Mitchell believes there is a meritorious cause of action. See 735 ILCS 5/2— 622 (West 1994)(requiring each of these elements to be included in the health professional's report). On August 16, 1992, the trial court granted defendant's motion, but allowed plaintiff 21 days to file a new affidavit and report that adequately satisfy section 2—622.

On October 1, 1992, plaintiff filed a second health professional's report written by Dr. Mitchell. In this report, Dr. Mitchell stated that he is knowledgeable in the relevant issues, he has practiced neurology for eight years, he is qualified as an expert, and he believes there to be a meritorious cause of action in this case. The report provided no supporting facts or information for any of these assertions. No attorney affidavit was filed.

On October 23, 1992, defendant renewed his motion to dismiss, arguing that plaintiff had still failed to submit an adequate affidavit and that Dr. Mitchell is not qualified because he is not a surgeon and is not licensed in Illinois. On November 11, 1992, the trial court granted defendant's motion and dismissed the case with prejudice.

On December 21, 1992, plaintiff filed a motion to vacate the dismissal. A third health professional's report was attached to the motion. The report was essentially the same as the second report, adding only that Dr. Mitchell has been licensed for 11 years and is legally qualified as an expert in all branches of medicine. On January 27, 1993, the trial court continued plaintiff's motion to vacate because he had not yet filed an adequate attorney affidavit.

On February 10, 1993, plaintiff filed a fourth health professional's report. This report repeated the statements made in the third report, but Dr. Mitchell added that he "understands" that defendant failed

to diagnose plaintiff's condition and that an accurate diagnosis may have prevented the injury or made it less severe. Plaintiff did not file the requested attorney affidavit.

On February 26, 1993, defendant filed his memorandum in opposition to plaintiff's motion to vacate the dismissal. Defendant claimed that vacation would be inappropriate because (1) plaintiff has still failed to file an affidavit and has not shown good cause for this failure, and (2) the health professional's reports are all inadequate.

On March 23, 1993, plaintiff filed an affidavit containing most of the required language. He also filed a fifth health professional's report, dated March 22, 1993, prepared by Dr. Mitchell to supplement his fourth report. Dr. Mitchell stated that he believed that defendant "breached the applicable standard of care."

Finally, on June 2, 1993, the trial court denied plaintiff's motion to vacate, and on June 25, plaintiff filed his notice of appeal.

DISCUSSION

We affirm the trial court's ruling for two reasons: (1) plaintiff has not submitted an adequate health professional's report or attorney affidavit, and (2) the trial court acted well within its discretion in dismissing the action after providing plaintiff with numerous opportunities to comply with section 2—622.

A. Adequacy of Documents

1. *Health Professional's Reports*

Plaintiff contends that by the time the trial court ruled on his motion to vacate on June 2, 1993, he had filed the necessary health professional's report, especially if all five of Dr. Mitchell's reports are considered collectively.

■ Section 2—622 provides that the health professional must be "knowledgeable [of] the relevant issues involved *** and qualified by experience or demonstrated competence in the subject of the case." 735 ILCS 5/2—622 (West 1994). It further requires that the health professional's report clearly identify "the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists." 735 ILCS 5/2—622 (West 1994). Dr. Mitchell's first report expressly states that he is unknowledgeable, unqualified and unable to determine whether plaintiff's action is meritorious. Furthermore, when Dr. Mitchell eventually made such a determination despite the admissions in his first report, he provided no reasoning for his conclusion.

■ Dr. Mitchell's first report clearly establishes him as incompetent to provide the health professional's report in this case. The last paragraph of that report states:

> "Not being a surgeon myself, it is difficult for me to assess the degree of negligence that may exist in this case. Richard has medical problems which will be lifelong. I feel that if the surgeons at the Mayo Clinic are of the opinion that the sequelae that Mr. Tucker endures could have been prevented had there been a more timely response in recognition of the problems that subsequently became evident, then I would concur that there is a case for negligence on the part of the surgeons who originally cared for Richard. Otherwise, I can only state that Richard had a bad outcome, which sometimes results from the uncertainty that accompanies surgical problems such as these."

Dr. Mitchell is not a surgeon; he cannot assess whether defendant was negligent; he can only state that plaintiff had a bad outcome and that he would concur with the opinion of the doctors at Mayo Clinic. This is an admission by Dr. Mitchell that he is *not* "knowledgeable in the relevant issues" and that he is *not* "qualified by experience or demonstrated competence in the subject of the case." 735 ILCS 5/2—622 (West 1994). Moreover, none of Dr. Mitchell's subsequent reports explain how he suddenly became able to determine that there is merit to plaintiff's lawsuit.

Even if Dr. Mitchell had been qualified to determine meritoriousness in this case, his reports would still fail under section 2—622 because none of them provide any reasoning for his conclusions. Plaintiff contends that Dr. Mitchell's fourth and fifth reports provide adequate reasoning. In his fourth report, Dr. Mitchell stated that plaintiff's condition could have been prevented or made less severe if it had been promptly diagnosed and treated. However, this conclusion was not accompanied by any supporting reasoning. Dr. Mitchell's fifth report stated that defendant's treatment of plaintiff "breached the applicable standard of care." This was the first time that Dr. Mitchell stated his conclusion that defendant was negligent, but again, the report lacked any reasoning for this determination. Specifically, Dr. Mitchell never identified the "applicable standard of care" or how defendant breached it. Therefore, Dr. Mitchell failed to provide a report containing "the reasons for [his] determination" of meritoriousness. See 735 ILCS 5/2—622 (West 1994).

The purpose of section 2—622 is "to reduce the number of frivolous suits that are filed and to eliminate such actions at an early stage, before the expenses of litigation have mounted." *DeLuna*, 147 Ill. 2d at 65, 588 N.E.2d at 1142. It would do a tremendous disservice

to this objective if health professionals' reports could be mere conclusions, unsupported by reason, provided by doctors who are admittedly unqualified and unknowledgeable.

## 2. *Affidavits*

■ Plaintiff filed two statements prepared by his attorney and labeled "AFFIDAVIT"; however, neither statement satisfies section 2—622. The statute provides that the plaintiff's attorney, or the plaintiff if he is proceeding *pro se*, must submit an affidavit attesting to the following: (1) the affiant has consulted a knowledgeable, qualified health professional who has practiced or taught in the same area of medicine as the defendant for at least six years, (2) the health professional has prepared a written report in which he has found there to be a reasonable and meritorious cause of action, and (3) the affiant has concluded based on the health professional's report that there is a reasonable and meritorious cause of action. 735 ILCS 5/2—622 (West 1994).

■ The first affidavit submitted by plaintiff's attorney stated only that Dr. Mitchell is knowledgeable in the relevant issues and has determined in an attached written report that plaintiff has a meritorious cause of action. However, the statement contained no information concerning Dr. Mitchell's qualifications or experience in defendant's field of medicine, and it did not contain any assertion that the affiant has determined that there is a meritorious cause of action. Furthermore, the affidavit was inaccurate because the attached report did not state that Dr. Mitchell believed that this lawsuit had merit. On the contrary, the report expressly stated Dr. Mitchell's inability to make such a determination. Moreover, the affidavit did not contain any evidence that it was taken under oath or any of the language required for certification under section 1—109 of the Code of Civil Procedure. 735 ILCS 5/1—109 (West 1994). Therefore, the affidavit was invalid. *Hough v. Weber*, 202 Ill. App. 3d 674, 692, 560 N.E.2d 5, 18 (1990).

The second affidavit, submitted 15 months after the second complaint was filed, contained most of the necessary information; however, it still lacked any statement concerning Dr. Mitchell's qualifications. Moreover, the affidavit was based on Dr. Mitchell's reports, and as explained above, Dr. Mitchell is not competent to make a determination as to meritoriousness in this case, and his reports are inadequate. Therefore, both attorney affidavits fail because they are incomplete and they are based on invalid health professional's reports.

## B. Trial Court Discretion

■ The decision of whether to grant a medical malpractice plaintiff leave to file an affidavit and report in accordance with section 2—622 is within the sound discretion of the trial court and will not be reversed absent a manifest abuse of that discretion. *McCastle v. Sheinkop*, 121 Ill. 2d 188, 194, 520 N.E.2d 293, 296 (1987). Section 2—622 provides that the affidavit and report must be filed with the complaint, or within 90 days thereafter, if the complaint is filed just prior to the expiration of the statute of limitations. 735 ILCS 5/2—622 (West 1994). If the plaintiff fails to file the affidavit and report within the statutory period, the trial court may provide an extension of time if the plaintiff can show good cause for not filing these documents during the statutory period. *Simpson v. Illinois Health Care Services, Inc.*, 225 Ill. App. 3d 685, 690, 588 N.E.2d 471, 474 (1992).

■ In this case, plaintiff's second complaint was filed on January 3, 1992. Plaintiff contends that his fourth health professional's report satisfies the requirements of section 2—622. However, the fourth report was not filed until February 10, 1993, more than a year after the complaint. This is clearly well beyond the 90-day statutory extension period. Therefore, while the trial court was not required to dismiss the action (*McCastle*, 121 Ill. 2d at 194, 520 N.E.2d at 296), its decision to do so was well within its discretion. *Simpson*, 225 Ill. App. 3d at 690, 588 N.E.2d at 474.

Plaintiff contends that this court should allow him to proceed on the merits despite his failure to follow the procedures mandated by the Code of Civil Procedure, because "a medical malpractice plaintiff should be afforded every reasonable opportunity to establish his case." *Hansbrough v. Kosyak*, 141 Ill. App. 3d 538, 549, 490 N.E.2d 181, 188 (1986). The trial court in this case, however, allowed plaintiff ample opportunity to comply with section 2—622. See *Wasielewski v. Gilligan*, 189 Ill. App. 3d 945, 546 N.E.2d 15 (1989).

In *Wasielewski*, a medical malpractice plaintiff voluntarily dismissed his first action because he was unable to obtain a health professional's report. He later filed a second action, attaching an affidavit from his attorney stating that the statute of limitations would soon expire and seeking the statutory 90-day extension. *Wasielewski*, 189 Ill. App. 3d at 946-47, 546 N.E.2d at 16. About 120 days later, plaintiff had still not filed the affidavit or report required under section 2—622, and the trial court dismissed the case with prejudice. *Wasielewski*, 189 Ill. App. 3d at 947, 546 N.E.2d at 16. The appellate court affirmed, finding no abuse of discretion. The court found that the plaintiff had received sufficient opportunity to meet the documentation requirements of section 2—622, in that he filed two actions, about 15 months apart, each time receiving the statutory 90-day

extension. The court held that "[t]he trial court was not required to exercise its discretion in favor of plaintiff given the numerous opportunities plaintiff had to comply with section 2—622." *Wasielewski*, 189 Ill. App. 3d at 952, 546 N.E.2d at 19.

In this case plaintiff had even more opportunities to comply than the plaintiff in *Wasielewski*. First, the trial court allowed plaintiff an extension of time to file the affidavit and report after the supreme court found that section 2—622 is constitutional. *DeLuna*, 147 Ill. 2d 57, 588 N.E.2d 1139. Plaintiff responded by submitting an unsworn, uncertified, incomplete affidavit and an insufficient report. Second, the trial court initially dismissed the complaint without prejudice and allowed plaintiff more time to file an adequate affidavit and report. Plaintiff filed another insufficient report and failed to file an affidavit. Third, after finally dismissing the case with prejudice, the trial court afforded plaintiff the opportunity to file a new affidavit and report with his motion to vacate. Again, plaintiff failed to comply. Fourth, the trial court continued plaintiff's motion to vacate to allow still more time. However, plaintiff still failed to submit an affidavit, and the report he filed still lacked some of the information required by the statute. Finally, the trial court accepted plaintiff's second affidavit and fifth health professional's report while the motion to vacate was pending. Again, however, the trial court found that the affidavit and report did not meet the requirements of section 2—622.

We believe that the trial court made every reasonable effort to afford plaintiff extra time to comply with section 2—622. Even if plaintiff's March 23, 1993, affidavit and health professional's report were sufficient, these documents were nonetheless filed long after the statutory period had expired. Therefore, the trial court was well within its discretion when it dismissed plaintiff's case with prejudice and denied his motion to vacate.

For the foregoing reasons, the trial court's dismissal of plaintiff's action and denial of his motion to vacate are affirmed.

Affirmed.

CAMPBELL, P.J., and BRADEN, J., concur.