# Illinois Official Reports

## Appellate Court

*Lee v. Berkshire Nursing & Rehab Center, LLC*, 2018 IL App (1st) 171344

| | |
|---|---|
| Appellate Court Caption | EARNEST LEE and MILDRED LEE, Plaintiffs-Appellants, v. BERKSHIRE NURSING & REHAB CENTER, LLC, d/b/a APERION CARE FOREST PARK, APERION CARE, INC., JUAN COBO, M.D., RUSH OAK PARK HOSPITAL, INC., d/b/a RUSH OAK PARK PHYSICIANS GROUP ADULT MEDICINE, NUCARE SERVICES CORPORATION, d/b/a ARIA POST ACUTE CARE, ARIA POST ACUTE CARE, LLC, HARIS HAMSAKUTTY, M.D., KRISHNA PATEL, M.D., DILIP PATEL, M.D., MIDTOWN PHYSICIANS, S.C., and LOYOLA UNIVERSITY MEDICAL CENTER, Defendants (Rush Oak Park Hospital, Inc., d/b/a Rush Oak Park Physicians Group Adult Medicine, and Juan Cobo, M.D., Defendants-Appellees). |
| District & No. | First District, First Division<br>Docket No. 1-17-1344 |
| Filed | July 16, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-L-007561; the Hon. John H. Erlich, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael B. Gunzburg, of Highland Park, for appellants. |

Johnson & Bell, Ltd., of Chicago (Garrett L. Boehm Jr. and Brad R. Schneiderman, of counsel), for appellees.

Panel JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion.

## OPINION

¶ 1 Plaintiffs-appellants, Earnest Lee and Mildred Lee, filed a medical negligence complaint against defendants-appellees along with several other entities and doctors stemming from the time Earnest was under their respective care. At the time the appellants filed their initial complaint, their attorney attached an affidavit, alleging that, pursuant to section 2-622(a)(2) of the Code of Civil Procedure (735 ILCS 5/2-622(a)(2) (West 2016)), the attorney was unable to obtain the requisite physician's report and would need a 90-day extension. Appellants did not file the physician's report and attorney affidavit within the 90 days. The day after the 90-day period expired, appellees moved to dismiss. At a hearing a few days later, the trial court granted appellees' motion to dismiss with prejudice. The circuit court subsequently denied appellants' motion to reconsider.

¶ 2 Appellants now appeal the dismissal of the two counts brought against appellees to this court. They raise two issues before us: (1) the circuit court abused its discretion when it dismissed the two counts against appellees and (2) the circuit court erred when it denied their motion to reconsider. For the reasons stated below, we agree with appellants that the circuit court abused its discretion, and we therefore reverse the dismissal with prejudice. The issue involving the motion to reconsider is therefore moot, and we decline to consider it.

¶ 3                                JURISDICTION

¶ 4 On November 29, 2016, the circuit court dismissed with prejudice count V and count VI of appellants' fourth amended complaint. These were the only counts directed against appellees. On February 10, 2017, the trial court denied appellants' motion to reconsider the dismissal with prejudice. On May 12, 2017, the trial court found "pursuant to Illinois Supreme Court Rule 304(a) that there is no just cause to delay an appeal from this court's orders of November 29, 2016, and February 10, 2017." We note that while the order of May 12 does not strictly recite Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), its reference to Rule 304(a) and "appealability" is sufficient to confer jurisdiction on this court. *In re Application of the Du Page County Collector*, 152 Ill. 2d 545, 550-51 (1992) (holding a reference to appealability sufficient to confer appellate jurisdiction pursuant to Rule 304(a)). Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 304(a) (eff. Mar. 8, 2016).

¶ 5                                                     BACKGROUND

¶ 6            Appellants filed their original complaint on July 29, 2016, against Berkshire Nursing & Rehab Center, LLC, d/b/a Aperion Care Forest Park, and Aperion Care, Inc. On August 22, 2016, appellants filed an amended complaint against the appellees, Juan Cobo, M.D., and Rush Oak Park Hospital, Inc., d/b/a Rush Oak Park Physicians Group Adult Medicine. The count against Cobo alleged medical negligence, while the claim against Rush Oak alleged medical negligence/loss of consortium. Appellants' attorney attached an affidavit to the amended complaint, stating he was unable to obtain the health professional's report required by section 2-622(a)(1) (735 ILCS 5/2-622(a)(1) (West 2016)) but it would be filed within 90 days. Appellants filed a second amended complaint on August 26, 2016. The second amended complaint added new parties but did not raise any new allegations against appellees. A third amended complaint was filed on September 13, 2016. This added more defendants but no new allegations against the appellees. The affidavit attached to the amended complaint was also attached to the second and third amended complaints.

¶ 7            On September 30, 2016, appellants filed a fourth amended complaint. This complaint dropped some defendants but also added new ones. The allegations against the appellees remained the same. An attorney affidavit attached to the fourth amended complaint opined that appellants' attorney was unable to obtain the required health professional's report but one would be filed within 90 days.

¶ 8            On November 23, 2016 (91 days after the amended complaint was filed), appellees Dr. Cobo and Rush Oak filed a motion to dismiss pursuant to section 2-619 (735 ILCS 5/2-619 (West 2016)) based on the failure of the appellants to attach the health professional's report within the required 90 days. The motion further noted the two-year statute of limitation had expired. Appellees' motion to dismiss was scheduled for a hearing on November 29, 2016. Appellants filed no response to the motion to dismiss, but on the day of the hearing, they tendered a motion for an extension of time to file the health professional's report. The motion for an extension of time made several claims. Appellants' counsel claimed that, prior to leaving his old firm, he believed the medical records had been transmitted to the medical professional for review. When appellant's counsel later contacted the professional, he was informed the records had never been received. Based on this, counsel requested an additional 45 days to file the report. The motion further noted several other defendants had not yet appeared and answered. The November 29 order denied the motion for extension of time and granted appellees' motion to dismiss. The dismissal was with prejudice.

¶ 9            On December 29, 2016, appellants filed a motion to reconsider the dismissal with prejudice. The motion claimed the circuit court abused its discretion when it dismissed appellants with prejudice. Attached to this motion was an affidavit from appellants' counsel, which reiterated the explanation contained in the motion for an extension of time. Also attached to the motion to reconsider were a section 2-622 attorney affidavit and health professional's report. The circuit court denied the motion to reconsider on February 10, 2017. On May 10, 2017, the court granted appellants' request for Rule 304(a) language and this timely appeal followed.

¶ 10                                    ANALYSIS

¶ 11        In their first issue before this court, appellants argue the circuit court erred in dismissing the two counts brought against the appellees based on a failure to file the requisite affidavit and report within 90 days.

¶ 12        Section 2-622(g) provides, "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619." 735 ILCS 5/2-622(g) (West 2016). Normally, the dismissal of a complaint pursuant to section 2-619 of the Code is reviewed *de novo*. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). However, a party's failure to comply with section 2-622 does not automatically require a dismissal with prejudice (*McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill. 2d 188, 192 (1987)) and a circuit court has the discretion to grant a plaintiff additional time to comply with section 2-622's requirements (*Cammon v. West Suburban Hospital Medical Center*, 301 Ill. App. 3d 939, 949 (1998)). Accordingly, our review of a dismissal based on the failure to comply with section 2-622 is subject to an abuse of discretion standard. *Holloway v. Chicago Heart & Vascular Consultants, Ltd.*, 2017 IL App (1st) 160315, ¶ 29. A court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable. *Id.*

¶ 13        Section 2-622(a)(1) requires every plaintiff alleging "medical, hospital, or other healing art malpractice" to attach to his or her complaint an affidavit stating that the affiant has consulted with a healthcare professional in whose opinion there is a "reasonable and meritorious cause" for filing the complaint. 735 ILCS 5/2-622(a)(1) (West 2016). Additionally, the plaintiff must attach a written report of the healthcare professional, attesting to the basis of this determination. *McCastle*, 121 Ill. 2d at 190. Section 2-622(a)(2) allows for a 90-day extension for compliance with section 2-622(a)(1) if the affiant avers that he or she could not obtain the report before filing suit because of the pending expiration of the statute of limitation. 735 ILCS 5/2-622(a)(2) (West 2016); *McCastle*, 121 Ill. 2d at 190.

¶ 14        Section 2-622(a)(1) is designed to screen and deter frivolous or nonmeritorious medical negligence claims. *Schroeder v. Northwest Community Hospital*, 371 Ill. App. 3d 584, 595 (2006). The section is "not a substantive defense which may be employed to bar plaintiffs who fail to meet its terms." *Id.* "[S]ection 2-622 only puts a requirement of meritoriousness on the pending suit." *Walter v. Hill*, 156 Ill. App. 3d 708, 710 (1987). Based on this, "a medical malpractice plaintiff should be afforded every reasonable opportunity to establish his case." *Hansbrough v. Kosyak*, 141 Ill. App. 3d 538, 549 (1986). "[A]mendments to pleadings are to be liberally allowed to enable medical malpractice actions to be decided on their merits rather than on procedural technicalities. The test is the furtherance of the ends of justice." *Moss v. Gibbons*, 180 Ill. App. 3d 632, 638-39 (1989).[1]

¶ 15        We first address appellees' argument that the record is "inadequate for this court to assess any purported abuse of discretion possibly associated with the November 29, 2016 ruling." Appellees argue the record is not sufficiently clear as to the basis of the November 29 order to allow this court to engage in an abuse of discretion analysis. They argue that the

_____

[1]We are aware that other cases have applied a "good cause" standard to whether a plaintiff should be granted an extension of time to comply with section 2-622. *Simpson v. Illinois Health Care Services, Inc.*, 225 Ill. App. 3d 685, 689 (1992); *Fox v. Gauto*, 2013 IL App (5th) 110327, ¶ 25. However, appellant did not appeal the denial of their motion for extension of time. We therefore confine our analysis to whether the dismissal with prejudice was an abuse of discretion.

incompleteness of the court's reasoning in granting the motion to dismiss should be held against appellants and result in affirmance of the dismissal with prejudice. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (noting that any doubts in the record will be resolved against the appellant).

¶ 16   We disagree with the appellees' contention regarding the completeness of the record on this issue. The record demonstrates that the sole basis for appellees' motion to dismiss was appellants' failure to file the requisite affidavit and healthcare report within the allotted 90 days. Appellees argued no other basis for dismissal. Accordingly, the only basis under which the circuit court could grant the dismissal with prejudice was appellants' failure to file the affidavit and healthcare report within 90 days. The record is sufficiently clear for us to determine whether the circuit court abused its discretion in granting the motion to dismiss with prejudice.

¶ 17   In this matter, the alleged misdiagnosis by appellees occurred between August 5 and August 25, 2014. The amended complaint, which contained the first allegations against the appellants, was filed on August 22, 2016. This proximity to the statute of limitations deadline is sufficient to invoke the 90-day extension found in section 2-622(a)(2). 735 ILCS 5/2-622(a)(2) (West 2016). The extension expired on November 22, 2016. One day later, on November 23, 2016, the appellees moved to dismiss with prejudice. On November 29, the circuit court granted the motion to dismiss with prejudice. While the circuit court felt it necessary to grant the motion to dismiss, filed a day after the expiration of the 90-day extension, the record shows the court had no problem granting the appellants an extension as to other defendant-doctors. The fourth amended complaint filed on September 30, 2016, named Dr. Hamsakutty, Dr. Krishna Patel, and Dr. Dilip Patel as defendants. No section 2-622 report was filed, and the 90-day period lasted until December 29, 2016. Yet on January 9, 2017, after this period had expired, the court granted appellants until January 31, 2017, to file the report as to these doctors. On February 10, 2017, the court again granted an extension until February 24, 2017.

¶ 18   Based on the events in the case and the underlying purpose of section 2-622, we conclude the circuit court abused its discretion when it dismissed with prejudice the two counts brought against appellees. The purpose of section 2-622 is to deter frivolous or nonmeritorious medical negligence claims. *Schroeder*, 371 Ill. App. 3d at 595. "[T]he statute should be liberally construed and not mechanically applied to deprive a plaintiff of [their] substantive rights." *Id.* In granting the dismissal with prejudice, filed one day after the expiration of the 90-day period, the circuit court wrongly converted the 90-day period into another time limitation that would cut off all relief if appellants failed to comply. This is not the legislative intent of the statute. *Walter*, 156 Ill. App. 3d at 710 (section 2-622 is not meant to act as another statute of limitation that cuts off all relief). When appellants sought an extension, the court denied the request, but the record then shows that the court granted several extensions to allow appellants time to file a section 2-622 report as to other defendant-doctors even after the 90-day period had passed. The circuit court's dismissal of the counts against appellees placed form over substance and represented an abuse of discretion.

¶ 19   In reaching this conclusion, we find the two cases primarily relied on by appellees, *Horlacher v. Cohen*, 2017 IL App (1st) 162712, and *Tucker v. St. James Hospital*, 279 Ill. App. 3d 696 (1996), to be distinguishable. In *Tucker*, this court affirmed the dismissal with prejudice for two reasons: "(1) plaintiff has not submitted an adequate health professional's report or

attorney affidavit, and (2) the trial court acted well within its discretion in dismissing the action [with prejudice] after providing plaintiff with *numerous opportunities* to comply with section 2-622." (Emphasis added.) *Tucker*, 279 Ill. App. 3d at 701. In addressing whether the circuit court abused its discretion, the appellate court noted that the circuit court had given plaintiff at least five separate opportunities to comply with section 2-622. *Id.* at 705. Three of these opportunities came after a dismissal with prejudice. *Id.* The circuit court in *Horlacher* also provided the plaintiff in that case multiple opportunities to comply with section 2-622. 2017 IL App (1st) 162712, ¶ 2. The first and second dismissals of plaintiff's complaint were without prejudice. *Id.* ¶¶ 12, 19. Unlike *Tucker* and *Horlacher*, the first dismissal in this matter was with prejudice and denied appellant a reasonable opportunity to comply with section 2-622.

¶ 20       Based on the above, we conclude the circuit court abused its discretion when it granted appellees' motion to dismiss with prejudice. The dismissal should have been without prejudice to afford appellants an opportunity to refile their complaint against appellees with the section 2-622 report and affidavit. We therefore reverse the order of the circuit court that granted the dismissal with prejudice as to Dr. Cobo and Rush Oak.

¶ 21       Since we have determined it was error for the circuit court to grant the dismissal with prejudice, we decline to review appellants' second issue regarding the motion to reconsider. The issue is moot. We also decline to address appellees' alternative argument that the attorney affidavit and section 2-622 report attached to appellants' motion to reconsider is insufficient as a matter of law. The record demonstrates the circuit court never addressed the sufficiency of either. "The determination of the sufficiency of the documentation is initially a question for the trial court." *Simpson v. Illinois Health Care Services, Inc.*, 225 Ill. App. 3d 685, 691 (1992) (citing *Cato v. Attar*, 210 Ill. App. 3d 996, 1000 (1991)). In declining to review them, we make no determination regarding the sufficiency of either the attorney affidavit or the medical report.

¶ 22                                        CONCLUSION

¶ 23       For the reasons stated above, the order of the circuit court dated November 29, 2016, which granted appellees' motion to dismiss with prejudice, is reversed. We remand this case for further proceedings consistent with this decision.

¶ 24       Reversed and remanded.