2020 IL App (3d) 180391

Opinion filed September 21, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| TERRANCE OWENS, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Kankakee County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| RIVERSIDE MEDICAL CENTER and | ) | |
| UNKNOWN DOCTOR, n/k/a/ Dr. Usman | ) | Appeal No. 3-18-0391 |
| Mustafa, | ) | Circuit No. 17-L-98 |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Riverside Medical Center, | ) | Honorable |
| | ) | Adrienne W. Albrecht, |
| Defendant-Appellee). | ) | Judge, presiding. |

_____

JUSTICE CARTER delivered the judgment of the court, with opinion.
Justices McDade and Wright concurred in the judgment and opinion.

_____

**OPINION**

¶ 1      This appeal arises from the dismissal of a medical malpractice complaint filed by

plaintiff, Terrance Owens, against defendants, Riverside Medical Center and Dr. Usman

Mustafa. On appeal, plaintiff argues the trial court erred in granting Riverside Medical Center's

motion to dismiss based on plaintiff's failure to comply with section 2-622 of the Code of Civil

Procedure (Code) (735 ILCS 5/2-622 (West 2016)). Riverside Medical Center argues the trial

court did not err in dismissing the complaint with prejudice. We vacate the trial court's order dismissing plaintiff's complaint with prejudice and remand for further proceedings.

¶ 2                                                    I. BACKGROUND

¶ 3         On September 11, 2017, plaintiff, by way of his attorney, filed a medical malpractice claim against defendants, Riverside Medical Center and a doctor, who was later identified as Mustafa. The allegations in the complaint pertained to alleged negligent medical treatment that plaintiff received on August 31, 2015. Plaintiff's attorney attached an affidavit to his complaint, filed pursuant to section 2-622 of the Code, stating that he was unable to consult with a health professional prior to the expiration of the statute of limitations and that he would file the affidavit required under section 2-622 of the Code within 90 days.

¶ 4         On December 27, 2017, the circuit clerk issued a summons to be served on Riverside Medical Center and a summons to be served on Mustafa. The record does not contain proof that either defendant was served. On January 16, 2018, attorney Matthew Arnold entered his appearance in this case on behalf of Riverside Medical Center.

¶ 5                                                  A. Motion to Dismiss

¶ 6         On February 1, 2018, Riverside Medical Center filed a motion to dismiss, arguing that plaintiff failed to file an affidavit of merit and health professional's report for medical malpractice actions as required by section 2-622 of the Code. Plaintiff's attorney did not file a written response to the motion to dismiss, nor did he file a formal written request for an extension of time to file the section 2-622 documents.

¶ 7         On March 20, 2018, a hearing on defendant's motion to dismiss took place. At the outset of the hearing, the trial court stated, "I'm dismissing your complaint." Plaintiff's attorney informed the trial court that he had problems identifying the defendant doctor and had personally

2

experienced "some very substantial medical problems" since the filing of the complaint, which resulted in him having trouble working. Plaintiff's attorney asked for the trial court not to dismiss the complaint because plaintiff "would be outside the statute of limitations" upon refiling.

¶ 8        The trial court stated, "I just don't know that I can do anything about it." The trial court then reiterated, "I just don't believe I can do anything about it" and stated, "[t]his is not a discretionary matter."

¶ 9        Plaintiff's attorney argued that the trial court had discretion under the statute regarding extending the time for filing of the section 2-622 affidavit of merit and medical professional's report. Plaintiff's attorney stated:

> "[I]f we could refile it, I—I would agree with your dismissal. But we can't refile it. My statute [of limitations] has run. And I—I don't think—I don't think it's interpreted the way you're interpreting it.
>
> * * *
>
> *** So, I would ask you not to dismiss the case because it's the end of the case if you do. It's that substantial. I mean, it's an extreme hardship on—on my client, on me. And basically if you think about it, there's absolutely no—where's the prejudice to Riverside Hospital or to this doctor? They don't' have to answer it. They don't have to do anything for—for 30 days until after they get served, and that's—that's really what the statute says.
>
> So I would—I would certainly ask you to consider that, your Honor."

¶ 10        Defendant's attorney argued that plaintiff's counsel had not filed a motion to extend time to comply with section 2-622 of the Code, so the trial court had no discretion to do anything other than dismiss the complaint. The trial court stated:

> "I agree. I don't have discretion.
>
> *** I am sympathetic to your client's position. I just don't have discretion. You have to have a 2-622. And—and sometimes there are ways of doing these things. There are way of extending these things. This is a very difficult area of the law that requires that you—I mean, this [statute] is intended to be a gatekeeping mechanism ***. And it's very clear, I don't have any discretion.
>
> I'm going to allow the motion to dismiss."

¶ 11        The trial court entered a written order granting defendant's motion to dismiss with prejudice.

¶ 12                            B. Motion to Reconsider

¶ 13        On April 9, 2018, plaintiff filed a motion to reconsider. In the motion, plaintiff requested that the trial court reconsider and vacate its order dismissing the complaint with prejudice and allow plaintiff time to submit a section 2-622 affidavit and report. At the hearing on May 31, 2018, plaintiff's attorney requested that the trial court reconsider its ruling that section 2-622 mandated a dismissal in this case where (1) there had been "good cause" for the delay in filing the section 2-622 affidavit and (2) the trial court had erred in believing that it had no discretion regarding entering the dismissal. Plaintiff's attorney further argued that the purpose of section 2-622 was to impose a pleading requirement to reduce frivolous lawsuits and could not be used as a substantive defense to bar a meritorious claim.

4

¶ 14    The trial court indicated that it understood "all those things" but "there [were] mechanisms that can be employed and that should be employed." The trial court asked if plaintiff's attorney had obtained an expert's opinion. Plaintiff's attorney indicated that he "stopped" after the case had been dismissed. Plaintiff's attorney indicated that he had "wanted some time" from the trial court, the trial court "wouldn't give" him more time, and today he was asking for more time. Plaintiff's attorney argued that the trial court had erred in believing that it did not have discretion to allow plaintiff additional time to comply with section 2-622 of the Code and requested "30 days, 45 days."

¶ 15    The trial court noted that the docket entries for the case indicated that the complaint was filed on September 11, 2017, at which time plaintiff's attorney requested 90 days to file a section 2-622 affidavit. The trial court indicated plaintiff's attorney never requested additional time, which he could have done if he required more time to file the affidavit. The trial court also noted that, to date, plaintiff's attorney had not attempted to hire a medical expert. The trial court again indicated that plaintiff's counsel could have requested additional time, but he did not do so. The trial court concluded that it could not allow the case to proceed because there had been "no movement toward acquiring a 2-622 expert after the case has been pending since September 11 of 2017." The trial court denied plaintiff's motion to reconsider.

¶ 16    Plaintiff appealed.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, plaintiff argues that the trial court misinterpreted section 2-622 of the Code by concluding it lacked discretion under the statute when determining whether to grant defendant's motion to dismiss the complaint with prejudice. Defendant argues that the trial court properly interpreted section 2-622 and did not err in dismissing the complaint with prejudice.

¶ 19        Under section 2-622(a)(1), the plaintiff's attorney, or the plaintiff if proceeding *pro se*, must attach to a medical malpractice complaint an affidavit stating that he or she has consulted with a health professional who has opined there is reasonable and meritorious cause for filing the action. 735 ILCS 5/2-622(a)(1) (West 2016). The health professional's written report, indicating the grounds for that determination, must also be attached to the complaint. *Id.* The legislature enacted section 2-622 of the Code in 1985 as part of medical malpractice reform legislation "in response to what was perceived to be a crisis in the area of medical malpractice," in order to discourage frivolous medical malpractice suits and eliminate frivolous suits before the expenses of litigation mounted. *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 65 (1992).

¶ 20        More specifically, section 2-622(a) of the Code provides that in a medical, hospital, or other healing art malpractice action, the plaintiff's attorney (or the plaintiff, if proceeding *pro se*) "shall file an affidavit, attached to the original and all copies of the compliant," declaring one of the following:

> "1. That the affiant has consulted and reviewed the facts of the case with a health professional ***; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. *** A copy of the written report *** must be attached to the affidavit ***.
>
> 2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the

6

consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1.

3. That a request has been made by the plaintiff or his attorney for examination and copying of records pursuant to Part 20 of Article VIII of this Code [see 735 ILCS 5/8-2001 (West 2016) (providing a health care facility must produce a copy of a patient's medical records no later than 60 days after a request by the patient)] and the party required to comply *** failed to produce such records within 60 days of the receipt of the request. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days following receipt of the requested records. All defendants except those whose failure to comply with Part 20 of Article VIII of th[e] Code is the basis for an affidavit under this paragraph shall be excused from answering or otherwise pleading until 30 days after being served with the certificate required by paragraph 1." 735 ILCS 5/2-622(a) (West 2016).

¶ 21 Section 2-622(g) of the Code provides, "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619." *Id.* § 2-622(g). Section 2-619 of the Code provides for the involuntary dismissal of a cause of action based on certain defects or defenses. *Id.* § 2-619. Generally, we review *de novo* a dismissal of complaint pursuant to section

7

2-619 of the Code. *Lee v. Berkshire Nursing & Rehab Center, LLC*, 2018 IL App (1st) 171344, ¶ 12.

¶ 22     In this case, plaintiff's attorney filed an affidavit in accordance with section 2-622(a)(2) of the Code, indicating that the suit was being commenced without the required section 2-622 affidavit and report and that the required documents would be filed within 90 days. See 735 ILCS 5/2-622(a)(2) (West 2016). Plaintiff, however, did not file the required section 2-622 affidavit and report within 90 days of filing the complaint. Thus, plaintiff failed to comply with the requirements for filing a medical malpractice action set forth in section 2-622 of the Code, which was grounds for a dismissal of the complaint. See *id.* § 2-622(g).

¶ 23     However, a plaintiff's failure to comply with section 2-622 does not require that the dismissal of the complaint be entered with prejudice. *McCastle v. Mitchell B. Sheinkop, M.D., Ltd.*, 121 Ill. 2d 188, 192 (1987) ("the legislative history of section 2-622 reveals that the legislature did not intend to require dismissal with prejudice"). In enacting section 2-622, the legislature intended that the trial court have discretion to grant leave to file an amended complaint where the plaintiff seeks to amend the affidavits or where plaintiff initially neglects to file the affidavits. *Id.* at 193. Requiring that a dismissal based on a plaintiff's failure to comply with section 2-622 be entered with prejudice would place form over substance and elevate "a pleading requirement" designed to reduce frivolous lawsuits into a substantive defense that would forever bar a plaintiff's claim. *Id.* It is within the sound discretion of the trial court to determine whether to grant leave to plaintiff to amend the pleadings to add the requisite section 2-622 documents. *Id.* at 194; *McAlister v. Schick*, 147 Ill. 2d 84, 89 (1992) ("a court has discretion to dismiss a case governed by section 2-622 with or without prejudice").

¶ 24    In *McCastle*, the Illinois Supreme Court determined that the trial court abused its discretion because it erroneously believed it had no discretion in determining whether to dismiss a complaint with prejudice where the plaintiff's attorney failed to attach an affidavit of merit and a health professional's report, as required by section 2-622 of the Code. *McCastle*, 121 Ill. 2d 188. Because the record in *McCastle* showed that the trial court acted "under the misapprehension that it did not have discretion" and dismissed the complaint with prejudice, the Illinois Supreme Court vacated the dismissal order and remanded for further consideration. *Id.* at 194.

¶ 25    Here, the record indicates that at the outset of the hearing on the motion to dismiss, the trial court stated, "I'm dismissing your complaint." Thus, the record shows the trial court intended to enter an order dismissing the complaint with prejudice from the outset of the motion hearing. After plaintiff's attorney argued there had been good cause for his noncompliance with section 2-622, the trial court repeatedly indicated that it did not believe it could do anything about it. The trial court also stated "this is not a discretionary matter" and it had no discretion because plaintiff "ha[d] to have a 2-622."

¶ 26    At the hearing on plaintiff's motion to reconsider, the trial court indicated it did not have discretion in relation to the entry of the dismissal with prejudice because plaintiff's counsel failed to properly request an extension of time. However, at the hearing on defendant's motion to dismiss, plaintiff's attorney had requested that the complaint not be dismissed, arguing there had been "good cause" for his failure to comply with section 2-622. See *Fox v. Gauto*, 2013 IL App (5th) 110327, ¶ 25 ("[c]ourts have applied the 'good cause' standard in situations when a plaintiff has not filed the required [section 2-622] affidavit and report within 90 days after the complaint was filed and the plaintiff sought to extend the time for filing the report and affidavit

for some period of time after the initial 90-day period"); *Simpson v. Illinois Health Care Services, Inc.*, 225 Ill. App. 3d 685, 690 (1992) (if a plaintiff fails to comply with section 2-622 of the Code within the statutory period, the trial court may provide an extension of time if the plaintiff can show good cause for failing to file the documents during the statutory period). The arguments made by plaintiff's attorney at the motion to dismiss hearing were indicative of a desire for an extension of time to comply with the requirements of section 2-622 of the Code. See *McCastle*, 121 Ill. 2d at 193-94 (plaintiff's statement to the trial court at the motion to dismiss hearing that the section 2-622 affidavits " 'could be filed and then made available to the court' " expressed a "desire that he be given leave to file an amended complaint").

¶ 27    Here, the trial court had discretion to dismiss the complaint without prejudice and grant plaintiff leave to amend his complaint with regard to the section 2-622 affidavit, leaving the suit pending for further proceedings. See *id.*; see also *Richter v. Prairie Farms Diary, Inc.*, 2016 IL 119518, ¶¶ 25, 35 (a dismissal order that grants a plaintiff leave to amend is a dismissal without prejudice and is not a final order); *Smith v. Central Illinois Regional Airport*, 207 Ill. 2d 578, 587-89 (2003) (an order dismissing a count without prejudice and giving the plaintiff 60 days to file an amendment was not a final order and left the suit pending for further proceedings, allowing the plaintiff the opportunity to amend, stand on his complaint and seek a dismissal with prejudice, or seek a voluntarily dismissal). Because the record indicates the trial court acted under the misapprehension that it did not have "any discretion," we vacate the trial court's order dismissing the case with prejudice and remand this cause for the trial court to exercise its discretion.

10

¶ 28                             III. CONCLUSION

¶ 29        For the foregoing reasons, the judgment of the circuit court of Kankakee County is

vacated, and this cause is remanded for further proceedings.

¶ 30        Order vacated; cause remanded.

**No. 3-18-0391**

| | |
|---|---|
| **Cite as:** | *Owens v. Riverside Medical Center*, 2020 IL App (3d) 180391 |
| **Decision Under Review:** | Appeal from the Circuit Court of Kankakee County, No. 17-L-98; the Hon. Adrienne W. Albrecht, Judge, presiding. |
| **Attorneys for Appellant:** | John P. Ridge, of Kankakee, for appellant. |
| **Attorneys for Appellee:** | Matthew A. Arnold, of Hughes, Socol, Pier, Resnick & Dym, Ltd., of Lisle, for appellee. |